Parker, J.
The question for our determination is whether the defendant is bound, by the covenants in this indenture, [*231 ] * for the apprentice’s good conduct. My opinion is, decidedly, that he is not bound. He is not mentioned as a party to those or any other covenants contained in the instrument, The intent of all the parties, in making this indenture, appears from the instrument itself. The apprentice binds himself, with the consent of his guardian. To express that consent, and, in my opinion, with no other intent, and for no other purpose, the guardian signs and seals the instrument. It is objected to this, that great inconveniences and mischiefs will arise from- this construction of this species of indenture. But, to guard against these, the guardian may enter into covenants explicitly with the master, and there is no doubt such covenants will be valid, and binding upon him.
Sewall, J.
The question before the Court is substantially this: — Do the declaration, and the deed declared on, which is spread upon the record, show that the defendant entered into any covenants on his part to be performed ? It is contended that, if this question receives a negative answer, there is no assignable reason for his signing and sealing the indenture. But I think that there are other words in the deed which sufficiently account for his being a part) *217 to it, viz., the declaration of his consent that his ward should bind himself as an apprentice to the plaintiff. It is my opinion that the action is not maintained.
Sedgwick, J.
A covenant or any other contract may be set forth in a declaration or plea in the very words of the covenant or contract, or they may be described according to their legal import, and, in either case, such declaration or plea will be good; and if in this case there was a covenant on the part of the present defendant that the apprentice should perform his duties, this action is well brought.
I observe that both the guardian and ward belong to another state. We know not the laws of that state; but we may presume, at least, so much as this — that the guardian, under those laws, has a right to the custody of his ward, and that the latter cannot lawfully leave him without his consent. His consent, then, was important, and even necessary, to give operation to the indenture so far as to enable Blunt to hold the ward as his apprentice.
* But it is said there are covenants in this instrument, [ * 232 ] which may be construed to be the covenants .of Melcher, the guardian, and which cannot be the covenants of Williams, the ward, because, by reason of his infancy, he was by law incapacitated from making any covenant. And it is very true they cannot be the covenants of Williams, on which an action can be supported for the reason given. In my opinion, they are not the covenants, in that respect, of any one. The master expressly covenants for himself, his executors, &c., that he will do certain acts; but no such expressions are used where the duties of the apprentice are pointed out. It does appear to me that the words used here were intended merely to show what were the duties to be performed by the apprentice. The other construction of the words would, in my judgment, be unreasonable, as operating to bind the defendant in a case where he cautiously avoids binding himself, (a)

Judgment for the defendant.

 Vide Powers & Al. vs. Ware, 2 Pick. 451 — 4 Pick. 106.