ALBANY,
Jan. 1813.

MEAD
v.
BILLINGS.

MEAD *against* BILLINGS.

IN ERROR, on *certiorari*, from a justice's court. *Billings* brought an action of *covenant* against *Mead*, before the justice; and stated that on the 21st *January*, 1805, the defendant bound his son to the plaintiff, as an *apprentice*, for 7 years, 9 months and 29 days, to learn the trade of a shoemaker, when the defendant knew, at the time, that his son would be of age one year before the expiration of that term, and the son, in fact, left the plaintiff one year before the term expired.

The defendant pleaded that he was not bound by the covenant.

The indenture of apprenticeship was dated the 21st *January*, 1805. It did not commence by stating the *parties;* but that the boy, by consent of his father, put himself as an apprentice, &c. to the plaintiff, for the term of 7 years and 10 months, lacking one day, &c.; and after stipulating what the boy and the plaintiff were to do respectively, it concluded by stating that for the true performance of the covenants and agreements, &c. the parties bind themselves to each other, and in witness, &c. interchangeably set their hands and seals. It was executed by the plaintiff and by the defendant and his son.

It was proved that the plaintiff and defendant agreed to fix a day certain when the *boy* would be of age, and it was endorsed on the indenture, as the 20th *March*, 1812; but the apprentice left his master the 20th *November*, 1811.

There was a trial by jury, and a verdict for the plaintiff for 25 dollars, on which the justice gave judgment.

*P. A. Jay*, for the plaintiff in error.

*Brackett*, contra.

*Per Curiam.* The father in this case was bound for the son. It is not stated in the beginning, or introductory part of the indenture, who were the parties; but the indenture begins by stating that the son (naming him) puts himself, with the consent of his father, (naming him,) an apprentice to the plaintiff below, (naming him,) and after stating the duties and obligations of the apprentice, and the corresponding duties and obligations of the master, the inden-

*Note (margin):* Where in an indenture of apprenticeship, it was stated that the apprentice bound himself, with the consent of his father, and the father actually signed and sealed the indenture, with the son, tho' the father was not named in the indenture as a party; it was held that the father was bound for the son, and responsible to the master, in case the apprentice left his service before the expiration of the term fixed by the indenture,

ALBANY,
Jan. 1813.

ture concludes, that " for the true performance of all and singular the covenants and agreements aforesaid, the said parties bind themselves each unto the other;" and then the indenture is executed by all the three parties, viz. the father, the son and the master. There can be no doubt but that the father is bound for the son, and that he was responsible for the son's act in leaving his master before the expiration of the term. It is usual for the father to be bound for the son in an indenture of apprenticeship, and so it appeared in *Whitley* v. *Loftus*, (8 *Mod.* 190.) and *Brench* v. *Ewingston*, (*Doug.* 518.)

Judgment affirmed.