Thompson, Ch. J.,
delivered the opinion of the court. The question is, whether the defendant is bound by any of the cove *378 nants contained in the indenture. In the case of Mead v. Billings, (10 Johns. Rep. 99.) the indenture is very different from the present. There, after staling what the master and apprentice respectively stipulated, the indenture concludes, that, “ for the true performance of, all and singular, the covenants and agreements aforesaid, the said parties .bind themselves each unto the other.’’ Here the father clearly made himself a party to the covenants, and expressly bound himself for the performance. So, also, in Whitly v. Loftus, (8 Mod. 190.) and in Brench v. Ewington, (Doug. 518.)
In the case before us, there are no words importing any covenant or agreement on the part of the defendant. He has done no more than is made necessary by the statute, in order to make the indenture binding on the apprentice. The statute (1 N. R. L. 135.) requires that the consent of the father or guardian should be expressed in the indenture, and signified by such parent or guardian, sealing and signing the said indenture. That is all the defendant has done. He might be willing to consent to the binding, yet not be willing to be bound himself, for the performance of all the stipulations contained in the indenture. In this, as in all other covenants, we should endeavour to find out the intention of the parties ; and when“we can account for the defendant’s signing, and becoming, thus far, a party to the indenture, within the requirements of the statute, without making him a party to the covenants, we ought so to consider his meaning and intention; unless the language of the indenture will fairly warrant a more extended construction. The statute does not require any covenant from the parent or guardian. It has furnished the master with the power of enforcing obedience from his apprentice, and compelling him to a performance of his stipulated service. To make the defendant liable in this case, would be, in effect, saying, that the parent or guardian would, in every possible case, of a valid binding, be responsible for the performance of the covenants contained in the indenture, as the statute requires the consent of the parent or guardian to be expressed .in the indenture, and' that consent to be signified by sealing and signing the same. The statute does not demand, nor ought it to receive such a construction, it would greatly embarrass, and frequently defeat the very objects intended to be carried into effect. The case of Blunt v. Melcher, (2 Mass. Rep. 228.) is an adjudication *379 expressly in point upon the construction of such an indenture; and goes the full length of exonerating the guardian from all responsibility upon the covenants. We are of opinion that the defendant is entitled to judgment.
Judgment for the defendant.