## JOHN WRIGHT

*versus*

## THE FIRST CROCKERY WARE COMPANY.

Where A., having an account against a corporator, settled with B., an agent of the corporation, and took B.'s note for the amount due, and the corporation afterwards settled with B. and paid him the amount of the account, it was held that A.'s demand against the corporation was extinguished.

THIS was an action of *assumpsit.* The declaration contained two counts : 1. a quantum meruit, for work and labor, estimated at 211 dollars, 14 cents : 2. on an account annexed to the writ, in which the same work and labour was charged, and the balance of which account amounted to 211 dollars 14 cents. The cause was tried here at the last term upon the general issue, when it appeared in evidence that on the 17th March, 1815, the defendants being indebted to the plaintiff in the sum of 211 dollars 14 cents, as stated in the declaration, one *Samuel Dakin,* who was then the agent of the corporation, settled the demand with the plaintiff, and gave him his own negotiable note for 228 dollars 76 cents, in which said sum of 211 dollars 14 cents was included. The plaintiff received the note, but *Dakin* soon afterwards becoming insolvent he has not been able to obtain payment of *Dakin.* The sum of 211 dollars 14 cents, thus included in Dakin's note, was by him charged in his account current against the defendants, and was afterwards allowed him in an adjustment of their concerns.

A verdict was taken for the defendants, by consent, subject to the opinion of the court upon the foregoing facts.

*J. C. Chamberlain,* for the plaintiff.

*Ainsworth* and *Wilson,* for the defendants.

The opinion of the court was delivered by

WOODBURY, J.—It seems to be well settled that if a creditor *agrees* to accept the promissory note of his debtor, or of a third person, in satisfaction of a simple contract debt, the debt is extinguished(1.) But such an agreement is not binding, if the creditor is induced to enter into it by the misrepresentations of the debtor ;(2) nor if the note received

(1) 1 *Salk.* 124, *Clark* vs. *Mundell.*—2 *Shower* 303, *Vernon* vs. *Boverie.*—5. *D. & E.*510, *Kearslake* vs. *Morgan.*—6 *Cranch* 253, *Sheehy* vs. *Mandeville.*— 7 *Mass. R.* 286, *Wiseman & al.* vs. *Lyman.*—11 *Johnson* 409, *Whitbeck* vs. *Van Ness. Andrews* 187, 228, *Smith* vs. *Wilson.*

(2) 6 *Johnson* 110, *Wilson* vs. *Force.*

Wright
vs.
The First
Crockery
Ware
Company.

turn out to be forged ;(3) or of no value, unless the creditor specially agreed to take the risk ;(4) nor if it be void for want of a stamp(5.)  Nor will the agreement be binding when the note turns out to be of no value, although the creditor took the risk, if the debtor knew it to be of no value and the creditor did not(6).

In some cases the note of a third person, received by a creditor, becomes by his negligence a satisfaction of the debt, without any special agreement ; as, when he neglects to use due diligence to obtain it of the maker, and the maker fails(7).  The note of the debtor will also become a satisfaction without a special agreement, if the creditor transfers it to a third person(8).  And if the creditor takes the note of the agent of the debtor, and gives a receipt as for money due from the principal, in consequence of which the debtor deals differently with the agent on the faith of the receipt from what he would otherwise have done, the debt is discharged(9).  If a person who supplies stores to a ship of which there are several owners, takes in payment the bill of the ship's husband, who is part owner, and settles with him alone, he thereby discharges the other owners(10).  So if two partners give a joint bill of exchange for a partnership debt, and the holder, after the partnership is dissolved, takes the separate bill of one, the other is discharged(11).  And if a debtor deposit money for his creditor with a third person, and the creditor assents thereto, and gives the depository a new credit of the footing of such deposit, the original debtor is discharged(12).

If a person sells goods and pays money, and at the same time receives therefor the note of a third person payable to himself, or any note or bill not having the name of the person with whom he deals, upon it, it will be presumed to be a sale of the note, and to be in satisfaction, until the contrary appears(13).  The rule is, however, different when such note is received for a precedent debt.

(3) 2 *Johnson* 455, *Murkle* vs. *Hatfield.*

(4) 6 *D. & E.* 52, *Puckford* vs. *Maxwell.* —1 *Espin. Cases* 5, *Stedman* vs. *Gooch.* —7 *D. & E.* 64, *Owenson* vs. *Morse.*

(5) 1 *Espin. Cases* 245, *Wilson* vs. *Kennedy.*—1 *East* 58, *in notes.*

(6) *Chitty on Bills* 119.

(7) 2 *Wilson* 353, *Chamberlyn* vs. *Delarive.*

(8) 3 *Cranch* 311, *Harris* vs. *Johnson.*— 1 *Johnson* 33, *Holmes* vs. *D' Camp.*—1 *Cranch* 181, *Clark* vs. *Young.*

(9) 3 *East* 147, *Wyatt* vs. *The Marquis of Hertford.*

(10) *Espin. Cases,* 122, *Reed* vs. *White & al.*—7 *Johnson* 311, *Schemerhorn* vs. *Loines & al.*

(11) 4 *Espin. Cases* 91, *Evans* vs. *Drummond.*

(12) 1 *Gallison* 417, *Swift* vs. *Hathaway & al.*—3 *D. & E.* 180.

(13) 15 *East* 11.—11 *Johnson* 409, *Whitbeck* vs. *Van Ness.*—1 *Lord Raymond* 442.—12 *Mod.* 241, 408, 203, 517. —3 *Johnson's Cases* 72.—5 *Johnson* 68.—1 *Salkeld* 124.—6 *Mod.* 36.

But if the creditor receive the note or bill of his debtor, or of a third person endorsed by the debtor, either for a precedent debt, or a debt arising at the time, it is not presumed it has been received in satisfaction(14).

Thus, it is apprehended, stands the common law on this subject.

The supreme court of *Massachusetts* have, however, decided that a negotiable note is always to be presumed to have been received in satisfaction, until the contrary appears(15). This rule is believed to be peculiar to *Massachusetts*, and renders some of their decisions irreconcilable with the decisions in other states and in *England*. The rule, however, seems not to be inconvenient in itself, although it may well be doubted whether it possesses any advantage over the rule laid down in 3 *Cranch* 311. Perhaps the only objection to it is, that it is an unnecessary departure from the common law. And if an uniformity of decision in the courts of the several states, upon common law questions, is of any importance, this objection is certainly entitled to some consideration. But whether this rule has ever been adopted in this state, or whether it is expedient now to adopt it, are questions which it is unnecessary to settle in this case, as we are clearly of opinion that this cause comes within the principles laid down in *Wyatt* vs. *The Marquis of Hertford*, in 3 *East* 147.

The plaintiff accepted the note of *Dakin* for the amount of this demand, by which the defendants were induced to leave in the hands of *Dakin* sufficient to pay the note. *Dakin* has become insolvent; and if the plaintiff can prevail in this action the defendants will in effect be compelled, not on account of any fault or neglect on their part, but by the act of the plaintiff, to pay the debt twice. This would be most manifestly unjust, and there must be

*Judgment on the verdict.*

Wright
*vs.*
The First
Crockery
Ware
Company.

(14) *Chitty on Bills* 109.—2 *John.* 33, *Holmes* vs. *D'Camp.*—8 *D. & E.* 451, *Tapley* vs. *Martins.*

(15) 5 *Mass. R.* 302, *Thatcher & al.* vs. *Dinsmore.*—10 *Mass. R.* 47, *Chapman* vs. *Durant & al.*—6 *Mass. R.* 143, *Mancely* vs. *M'Gee & al.*