*COLUMBIANA COUNTY—AUGUST TERM, 1819.*

---

## CAMPBELL vs. JACOB CRISS AND JOHN CRISS.

Father and son signed and sealed an indenture of apprenticeship, by which the son covenanted to serve five years; in the indenture it was witnessed "that Jacob Criss, son of John Criss, aged, &c. by and with the consent of the said John Criss, bound himself apprentice"—held that John Criss was not liable to an action of covenant upon this indenture, for his son's leaving his master.

COVENANT ON AN INDENTURE OF APPRENTICESHIP.

This was an action of covenant on an indenture of apprenticeship, by which Jacob Criss, by and with the consent of his father John Criss, bound himself to the plaintiff for the term of five years, to learn the art, trade, and mystery of a tailor. The breach assigned, was the departure of the apprentice from the service of his master before the expiration of the five years. The indenture was signed and sealed by the plaintiff and both defendants; but it no other way mentioned the father, than as consenting to his son's binding himself. The case was submitted to the court by agreement. If the court should be of opinion that the action was not sustained by the evidence as against John Criss, judgment to be for the defendant for costs. If the Court should be of opinion that John Criss was responsible for his son's breach of the covenant, damages to be assessed by the court and judgment accordingly. WRIGHT for the plaintiff. GOODENOW for the defendant.

PRESIDENT.—Unless the signing and sealing of this indenture, by John Criss, and the recital, in the commencement of it, "that Jacob Criss, son of John Criss, by and with the consent of the said John Criss, bound himself apprentice" to the plaintiff, make John Criss a co-covenanter with Jacob Criss, the evidence is not sufficient to support the action. This covenant must be expounded according to the intent of the parties; so far as respects John Criss, he has fully stated his intent to be an expression of his consent, that his son, then a minor, should bind himself an apprentice: this consent is given under his hand and seal. It is a consent by deed, without which all the covenants by his son entered into, would have been void. If it is any more than this, it must be by implication of law that he is bound, and not by his express agreement.—There is not, in this case, the same reason for holding the father responsible for the son, that there was in the case of Mead vs. Billings, 10th Johns. 99; for, in that, the conclusion of the indenture "for the true performance of all and singular

CULUMBIANA. August, 1819.

the covenants and agreements aforesaid, the said parties bind themselves each unto the other," was considered as making the father a party with the son in all the covenant. The conclusion here is, "In witness whereof, the parties to this indenture have hereunto set their hands and seals;" so that, the case of Mead vs. Billings, can have but little weight in the decision of this cause. We have seen, that here is no express covenant on the part of John Criss, that his son should serve as an apprentice; and to make a covenant in law, there must be words of express or implied agreement. Signing and sealing, does not, of itself, make a covenant; it is but evidence of the consent of the party to be bound by whatever stipulation he may have made in the body of the deed: it evidences here, the consent of the father to the act of the son, and nothing more. The case of Ackley vs. Hoskins, 14 Johns. 374, and the case of Blunt vs. Melcher, 2d Mass. Rep. 288, are similar to the case before us. In those cases an indenture like this, received the construction we give to this. It seems plain, indeed, that no other construction can be put upon the deed, unless we wrest it to an intent totally different from the one meant by the parties. *Judgment for the defendant for costs.*