## TAYLOR PAGE *vs.* NICHOLAS PENDERGAST *et al.*

A parol promise to fulfil an award, whether made before or after the award, binds the parties.

If the parties agree, that the arbitrators shall write a promissory note for the amount of the award, without disclosing the amount ; and after an award is agreed on, and such a note written, if the party liable proceed to sign it, still in ignorance of the amount, the note is, notwithstanding, valid.

But such note, when sued by the promisee, seems to be open to any defence, which would be competent in an action on the award itself; yet what kind of a defence is in such case competent, and whether the same defence would be competent in a suit by an endorsee, is questionable.

THIS was assumpsit on a note, dated July 28th, 1819, for $112 11, and made by the defendants to the plaintiff, or order, on demand with interest.

At the trial here, under the general issue, February term, 1820, it was admitted, that *Page* and *Pendergast*, having a controversy between them, submitted it to referees ; that the referees met and heard the parties ; and that, having agreed upon an award, they informed them of that fact, without disclosing the contents of the award. The parties then verbally agreed, that the referees might write a note for the amount of the award, and also mutual receipts, and that all of them should be signed by the parties, without knowing first their precise contents.

*Pendergast* was, likewise, to procure a surety ; and having procured *Ladd*, the other defendant in this case, and the note and receipts having been written by the arbitrators, they were all signed, while the body of the note and receipts was concealed from sight.

The note was in fact for the precise amount awarded against *Pendergast ;* and as no evidence was offered of partiality or corruption in the referees, a verdict was taken for the plaintiff, subject to future advisement upon the whole case.

*Ich. Bartlett,* counsel for the plaintiff.

*J. Smith* and *Sullivan,* for the defendants.

WOODBURY, J. The law seems well settled, that a parol promise to abide the award of arbitrators, is binding.(1)

The cases cited are promises, made before or at the time of the submission ; but when made after the hearing and before the publication of the award, the obligation of such

(1) Kyd on Awards 10, 11, and auths. there cited.

promises would seem to be still better grounded. Because the parties then possess fuller knowledge of their testimony, can judge better of each other's defence, and have witnessed at length the official deportment of the referees. Stripped of its peculiar form, the note under consideration may be regarded as such a promise.

When *Pendergast* affixed his name to it, he intended to engage for the payment of whatever sum might be awarded against him. There was no fraud, or surprise, or mistake. The adjustment of the controversy by the mutual receipts, formed a sufficient consideration for such an engagement ; while the authority conferred on the referees to write a promissory note for the amount of the award over the place where his name was signed, appears to be an authority, not greater nor more novel than what is often given by parol to agents to write negotiable notes over the blank names of their principals. *Doug.* 496, *Russell vs. Langstaff.*—4 *Mass. Rep.* 47, *Sullivan et al. vs. Putnam et al.*

Another view of the transaction is, that when the submission was made, the parties probably engaged to fulfil the award ; that when the note was signed, the award had been agreed on ; and that the note was expressly given to secure the amount of the award. In this view, the award itself might be deemed the consideration of the note ; and the note be considered as *agreed* to be given and received, either as security or in discharge and payment of the award.

The only plausible objection to the validity of the note, under either of these views is, that the party, against whom the award is made, may thus be defeated from enforcing any well grounded objection to the award itself. But the same objection applies to a certain extent to all submissions not made under some rule from a court or magistrate. Because in actions on the promise to fulfil an award, made under such submissions, or on the award itself, it would seem that in England the validity of the award itself cannot be attacked by matter *dehors.* 2 *Wils.* 148, *Wills vs. M'Carmick.*—8 *East* 344.—[1 *Gaw. Nisi Prius* 5, *Swinford vs. Burn.*]

The only redress for corruption, partiality, or mistake, is in chancery. How far, in the absence of a court of chancery, we ought to admit such evidence to defeat an action on the promise, or on the award, is questionable.(1) But in an action on a note by the promisee, when the note is in substance such a promise, or only security for such an award, the same defence would seem to be admissible, that would be in an action on either the original promise or the award. Yet as no evidence of this character was here offered, it is not necessary to decide what kind of defence would, in such case, be competent, and whether the same defence would likewise be competent when the note is sued by an endorsee.

(1) 9 John. 212.—10 ditto 143.

Our opinion of this transaction would not be altered, if the sounder view of it were as last suggested, that the note was given and received by agreement in discharge or payment of the award. It is true, that we should there hold the award to be *prima facie* paid, and place it altogether out of the case. 1 *N. H. Rep.* 231, *Wright vs. Crockery Ware Com. and auth. there cited.—Etiam* 6 *Cran.* 254.—15 *John.* 247, 341.

But if there was no fraud, mistake, or surprise, why may not the award as well be considered paid by the note as by money? and if paid by money, there is no subsequent redress on account of the invalidity of the award. It is a contract executed. Again, any right or privilege conferred upon a party for his exclusive benefit, may always be waived(2) by the party himself. If the defendant, therefore, deliberately chose to fulfil and execute the award; or, in other words, if he actually waived, by this note, every privilege he might otherwise have possessed to impeach the award, blame rests upon himself alone.

(2) Hanover vs. Weare, ante.

Notes, executed at the time of the submission, and deposited with the referees to be reduced by endorsements to the amount of the award, are open to most of these objections, and still have been considered valid. 6 *Mass. Rep.* 46.— 13 *John.* 187, *Balty vs. Butler.**

---

* 17 John. 301, Shoonmaker vs. Roosa et al.

Notes, deposited as a forfeiture on the non-performance of an award, may rest on different principles.

*Judgment on the verdict.*