## JACOB ELLIOT *vs.* JOHN SLEEPER.

Where a mortgage was given to secure the payment of a note of hand, and afterwards the note was taken up and a new note given in lieu of it ; it was held that the mortgage was not thereby discharged.

Where in a deed of conveyance, one, who signs, seals, and delivers the deed, is not named as a grantor, he is still bound as a grantor by the above acts.

THIS was a writ of entry, in which the demandant counted upon his own seisin of a tract of land in Chester, in this county, and upon a disseisin by the tenant.

The cause was tried here, at September term, 1820, upon the general issue, and a verdict taken for the tenant, subject to the opinion of the court upon the following case.

On the 16th December, 1813, the demandant, being seized of the demanded premises, in consideration of $4000, conveyed the same premises and another tract of land in Chester, to *Mary Brown*, wife of *Nathaniel Brown*, in fee. On the same day, a deed of mortgage was executed by the said *Mary* and *Nathaniel Brown*, in the following words :

" Know all men by these presents, that I, *Mary Brown*, of " Newburyport, in the county of Essex, and commonwealth " of Massachusetts, wife of *Nathaniel Brown*, of said town, " county and state, tallow-chandler, for and in consideration " of the sum of two thousand dollars, to me in hand before " delivery hereof well and truly paid, by *Jacob Elliot*, of " Chester, in the county of Rockingham, and state of New- " Hampshire, gentleman, the receipt whereof I do hereby " acknowledge, have given, granted, bargained, sold, and by " these presents do give, grant, bargain, sell, alien, enfeoff, " convey and confirm unto the said *Jacob Elliot*, a certain " parcel of land," (describing the demanded premises, one of the tracts conveyed as above, by said *Elliot* to said *Mary*,) " to have and to hold said granted premises, with all the pri- " vileges and appurtenances, to him the said *Jacob Elliot*, " his heirs and assigns, to his only proper use and benefit for- " ever.   And I the said *Mary Brown*, my heirs, executors " and administrators, do hereby covenant, grant, and agree " to and with the said *Jacob Elliot*, his heirs and assigns, that " until the delivery hereof, I am the lawful owner of said " premises, and am seized and possessed thereof in my own

Elliot
*vs.*
Sleeper.

" right in fee simple, and have full power and lawful author-
" ity to grant and convey the same in manner aforesaid;
" that the said premises are free and clear of all and every
" incumbrance whatsoever.   And that I and my heirs, exec-
" utors and administrators, shall and will warrant the same
" to the said *Jacob Elliot*, his heirs and assigns, against the
" lawful claims and demands of any person or persons
" whomsoever.   The condition of the above obligation is
" such, that if the said *Mary Brown* pay or cause to be paid
" to the said *Jacob Elliot*, a note of hand, bearing date with
" this obligation, for the above mentioned sum of two thou-
" sand dollars, within ten years, then this obligation to be
" void, otherwise to remain in full force.

" Chester, December 16, 1813.

                    " MARY BROWN and seal.

                    " NATHANIEL BROWN and seal.

" Signed, sealed and delivered in presence of us,

" *Benjamin Evans,*

" *Henry Sweetser.*

" Rockingham, ss.   Chester, Dec. 16, 1813.   Then per-
" sonally appeared *Mary Brown* and *Nathaniel Brown*, and
" acknowledged the within instrument by them subscribed,
" to be their free act and deed.

                    " Before HENRY SWEETSER, J. P."

At the time of making the deed above mentioned, a note
for $2000 was given to *Elliot*. This note was afterwards
taken up, and a new note given for the same sum and the in-
terest up to the date of the last mentioned note.

The tenant was in possession under a deed from *Nathan-
iel Brown* and wife, of a subsequent date.

*French,* for the demandant.

*Mason* and *Kent,* for the tenant.

WOODBURY, J.   The tenant first objects to a recovery by
the demandant on the ground, that the condition of the
mortgage has been fulfilled.   1 *N. H. Rep.* 335, *Swett vs.
Horne et al.*—18 *John. Rep.* 7, 110.–1 *Greenl.* 261.—17 *Mass.
Rep.* 427.

But the condition of the mortgage is, that the conveyance "remain in full force" till the note is "*paid;*" and the provision of our statute is, that "the mortgage shall be utterly void," only in "cases where *payment* shall be made," &c. 1 *N. H. Laws* 196.

These expressions must be construed to mean actual payment, and not a mere renewal of the note, or an accidental destruction of it. 7 *John. Rep.* 274.—8 *Do.* 168.—13 *Do.* 188.—15 *Do.* 555, *Dunham vs. Dey.*—9 *Mass. Rep.* 242, *Davis vs. Maynard.*

We have settled, after much deliberation, that the receipt of a note is not payment of a prior debt, unless by express agreement. 1 *N. H. Rep.* 281, *Wight vs. Crockery Ware Factory, and auths. there cited.—Etiam*, 6 *Cranch* 254.—15 *John. Rep.* 247, 341.

The second objection is, that nothing passed by the mortgage on the ground, that *Nathaniel Brown* is not named in the body of the deed as one of the grantors.

The usage among us for a wife to pass her title to land by a deed, in which she is joined by her husband, has been before investigated in this court, in the case of *Haywood vs. Gordon, ante.*

And for the purpose of our present inquiry, it may be admitted, that the usage, however diversified in its forms, always requires the husband and wife so far to join as to convey at the same time, on the same paper, and both in language suitable to pass the title of real estate.

Whether this requisition has here been fulfilled, is a question of some difficulty, on both authority and principle.

It cannot be doubted, that the signature, sealing, and acknowledgement of this deed by the husband, being on the same paper with those of the wife, and in the usual form, are in themselves sufficient.

But it is objected, that he is not named in the deed as a grantor, and that without being so named, the deed is not his deed, and in respect to him is altogether inoperative.

But it seems well settled, that whoever signs and delivers an unsealed writing, is bound by the promises contained in

it, though his name may not appear on the paper, except in his signature. 1 *Mass. Rep.* 156, *Little vs. Weston.*—1 *Es. Cases.* 426, *Fisher vs. Leslie.*

This seems founded on the obvious and reasonable principle, that such acts amount to an adoption of all which precedes the signature, and that no other legitimate cause for these acts can be assigned, than a design to make all the promises to which the signature is affixed, the promises of the subscriber.

This principle applies as well to the case of many subscribers as to that of one, and to the case where some are named in the writing, as well as to that where none are thus named. For in the last case, an additional person often subscribes, on account of his becoming jointly interested, or as surety to those interested.

In sealed instruments, such as bonds and wills, the same principle applies and appears to be supported by numerous authorities. 2 *Leon.* 35.—3 *Do.* 79.—4 *Do.* 104, S. C.— *Perk. sec.* 158, 119, 59.—5 *Mass. Rep.* 540, *Smith vs. Crooker.*—1 *Vent.* 185, *Touch vs. Clay.*—1 *Salk.* 214, *Nurse vs. Frampton.*—1 *Ld. Ray.* 28, S. C.—*Com. Di.* "*Fait,*" C. 2.— *Sed contra,* 3 *Chan. Rep.* 99, *Crosby vs. Middleton.*

In the following cases, the word "surety" or "fidejussor" preceded or followed the signature of him, whose name did not appear in the body of the instrument as an obligor; and the signer was holden. *Fitz. N. B.* 146, *B.*—*Pop.* 182.— 2 *Edw. 4th,* 20.—*Brooks, Ab.* "*Faits,*" pt. 6.—*Vin. Ab.* "*Faits,*" C. a. 11, 17.—*Cro. El.* 57.—*Holt* 211, *Salter vs. Kidley.*—*Canth.* 76, S. C.—*Shaw* 59, S. C.

But the only stress laid on the insertion of these words is, that they identify the object of signing so as to show it was not as a witness; and hence, when a deed of indenture by a son is not binding, unless signed by the father also, the signature of the father, though he be not named in the body of the deed, binds the father to the performance of all the covenants appropriate to him. 10 *John. Rep.* 99, *Meed vs. Billings.*—8 *Mod.* 190.—*Doug.* 518, *Branch vs. Ewington.*

In respect to deeds of conveyance, an impression seems to have prevailed against the application of the principle.

It is said to be the province of the premises to name, among other things, both the grantor and grantee.(1) So rigid has been the adherence to this rule, that it was long doubted, whether a deed was valid, if the name of the grantor was omitted in the premises, although it appeared in the *habendum.*(2) But these doubts have been overruled. 10 *Mod.* 46, *Lord Say and Seal's case.*—3 *East* 118, *Spyve vs. Topham.*—*Allen* 38, 41, *Edes vs. Lambert.*—2 *Vent.* 141, *Trethawy vs. Ellesdon.*

(1) Co. Litt. 6, a.—Shep. T. 52.

(2) Co. Litt. 27, a. note 4.

Because every deed must if possible be made operative.(3) And cases exist where almost every *formal* part of a deed has been dispensed with. *Shep. T.* 54.—*Co. Litt.* 7, a.— 1 *Mass. Rep.* 219, *Bridge vs. Wellington.*—*Com. Di.* " *Faits,*" *E.* 3. Indeed, writing, sealing and delivery, have been pronounced the only essentials.(4) Here, however, a deed must by statute be attested; and since seals have ceased to be distinguished by peculiar devices, and education has become more generally diffused, signing would seem to be proper and indispensable.

(3) 3 Lev. 22, Langdon vs. Gable.

(4) Com. Di. " Fait," A.— Shep. 60.

When a deed is signed, the utility of naming the grantor in the premises or any part of the body of the instrument, appears in a great measure superseded. For " know," says *Perkins*, sec. 36, " that the name of the grantor is not put in " the deed to any other intent but to make certainty of the " grantor."(5) This certainty is attained, whenever a person signs, seals, acknowledges and delivers an instrument as his deed, though no mention whatever be made of him in the body of it. Because he can perform these acts for no other possible purpose than to make the deed his own.(6)

(5) Bac. Ab. " Grant," C.

(6) Perk. sec. 59, 159.

In a deed poll, like that under consideration, where only the grantor speaks, or signs, or covenants, there is still less danger of mistake and uncertainty concerning the party bound, than in deeds indented. 3 *Maule & Selw.* 322, *Storer vs. Gordon.*—3 *Lev.* 139, *Gilly vs. Copley.*

In this case, also, it is not possible to shut our eyes upon the recital in the deed, that *Mary Brown* was wife of *Nathan-*

67

*iel Brown*, and hence that *Nathaniel Brown* must in law join with her in the conveyance, to render it operative. For this reason, he executed and delivered the deed as his; and now to hold it not to be his, would contradict both his acts and his manifest intent, as well as sound analogy derived from the principles and cases before mentioned.

*Judgment on the verdict.*