Curia, per Sutherland, J.
In Mead v. Billings, (10 John. 99,) the terms of the indenture were, “ that for the true performance of all and singular the covenants and agreements aforesaid, the said parties bind themselves, each unto the other. In witness, <fcc. interchangeably set their hands and seals, &c.” And it was executed by the master, the father, and the apprentice. The father was there held to be bound for the son, and to be responsible in an action of covenant for the son’s act, in leaving his master before the expiration of the term. Here, the terms used are, “ for the true performance of all and singular the said covenants and agreements, the said master, apprentice and guardian have hereunto interchangeably set their hands and seals, &c.” The words bind themselves each unto the other, as used in Mead v. Billings, are here omitted; but that omission does not appear to me to alter the construction or legal effect of the instrument. The intention' of ail the parties, the guardian as well as the master and apprentice, to be bound by the covenants, is clearly to be inferred from the terms used; and that is all that is necessary. No precise or formal terms are necessary to con *172 stitute a covenant, more than any other agreement. The inquiry always is, what was the intention of the parties ?• Here they declare that they have interchangeably set their hands and seals, (not in witness generally of what they have done, as in Ackley v. Hoskins, 14 John. 374,) but specifically, for the true performance of all and singular the aforesaid covenants and agreements ; that is, to bind them to the performance, of those covenants. The phraseology used leaves no reasonable doubt of the intention of the parties, mutually and interchangeably to be bound by the covenants.
In Ackley v. Hoskins, the Court held, that the terms of the instrument, In witness whereof, the parties have interchangeably set their hands and seals, 6pc. were satisfied so far as the guardian was concerned, by considering them as referring to his consent to the covenants and agreements of his ward. But here the guardian has expressly declared, that he signed and sealed the instrument, not merely to manifest his assent to the acts of his ward, but for the true performance of all the preceding covenants and agreements. In Blunt v. Melcher, (2 Mass. Rep. 228,) the terms used were, In testimony whereof the said parties have to these indentures interchangeably set their hands and seals. This was held not to amount to a covenant on the part of the guardian, for the same reasons that were assigned by this Court in Ackley v. Hoskins.
Branch v. Ewington, (Dough 518,) and Whitley v. Loftus, (8 Mod. 191,) are, that although it is not necessary for the parent or guardian to bind himself for the good conduct, <fcc. of the apprentice; yet, if the language of the indenture evinces his intention to do so, he shall be held responsible.
I am, therefore, of opinion that the nonsuit ought to be set aside, and a new trial granted; the costs to abide the event.
Motion granted.