Wilde J.
afterward drew up the opinion of the Court. Whatever weight there may be in the objections made to the seventh and eighth pleas, considered by themselves, they are nevertheless unavailing, because upon the construction we give to the indenture between the parties, there are substantial objections to the declaration, which are insuperable'.
By the statute of 1794, c. 64, it is provided, that “ all minors of the age of fourteen years or upwards may be bound by deed, as apprentices or servants, by their father, and in case of his decease, by their mother.” [1] Under this clause of the statute the defendant, Betsey Bullard, after the death of her first husband, was authorized to bind out her minor son as an apprentice, and it was for this purpose that she executed the deed declared on. Doubtless she was at liberty to superadd personal covenants, which might bind her ; but the' question is, whether there are any such covenants contained in the deed. No express words of covenant are used on her part; but the language of the indenture is such as may be considered as *71 amounting to a covenant for the faithful services of the apprentice, or only as pointing out and declaring his duties ; and considering the relative situation of the parties, and the object of the contract, we are of opinion that the latter is the true construction. This construction is fully supported by the cases of Blunt v. Melcher, 2 Mass. R. 228, and Ackley v. Hoskins, 14 Johns. R. 374, which are not distinguishable, in any material circumstance, from the case at bar.[2] It matters not, in regard to the construction of the language of the deed in question, whether the minor undertakes to bind himself with the consent of his parent or guardian, as was done in those cases ; or is bound by his parent, as in the present case. If this difference in the form of the indenture has any bearing, the binding by the parent according to the statute, which provides a remedy for the master in case the apprentice absconds or misbehaves himself, would seem the most favorable to the construction we have adopted.
The cases cited in which a different construction was given to indentures of apprenticeship, are distinguished from those already noticed, by an .additional clause, by which the parties expressly bind themselves to the performance of all the stipulations in the indenture. This distinction seems to reconcile all the cases.

Seventh and eighth pleas adjudged good.

 See Revised Stat. c. 78, § 4.

 See Sackett v. Johnson, 3 Blackford, 61; Pond v. Curtis, 7 Wendell, 45.