IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1832, IN THE SEVENTEENTH
YEAR OF THE STATE.

＊

## SACKET *v.* JOHNSON and Another.

Covenant by *A.* against *B.* and *C.* upon an indenture of apprenticeship. The
indenture commences as follows:—"This indenture made, &c. between *B.*
and *C.* his father, of the one part, and *A.* of the other part, witnesseth, that
the said *B.* hath by his own free will, and with the consent of the said *C.* his
father, testified by his signature to these presents, put himself apprentice," &c.
The following is the conclusion:—"In testimony whereof, the parties have
hereunto set their hands and seals the date above mentioned.—*B.* [L. S.]
*C.* [L. S.] *A.* [L. S.]" There are no covenants inserted on the part of *C.*
Breach assigned, that the apprentice had absented himself, &c. *Held,* that
the father's execution of the indenture was a mere expression of his assent to
it as required by statute; and that, as he had entered into no covenants, this
action could not be sustained.

ERROR to the *Clark* Circuit Court.

*Monday,
November 26.*

M'KINNEY, J.—This is an action of covenant brought on an
indenture of apprenticeship.

The plaintiff declares that on the 24th day of *April*, 1829, at,
&c., by a certain indenture of apprenticeship, then and there
made and sealed with the seals of said *Bartholomew Johnson* and
*Solomon Johnson*, the said *Bartholomew Johnson* by his own free

will and by the consent of his father, the said *Solomon*, testified by his signature to said indenture, put himself an apprentice unto the said plaintiff to the trade and occupation of a house-joiner, to dwell with him as an apprentice from the date aforesaid, until the 24th day of *April*, 1833; during which term, the said *Bartholomew* and the said *Solomon*, by said indenture, covenanted with the plaintiff, that the said *Bartholomew* should faithfully serve the said plaintiff, and not depart or absent himself without the leave of the said plaintiff, during said term, &c. The plaintiff avers that the said *Bartholomew*, as an apprentice, was received into his service, &c., and that he on, &c. did unlawfully absent himself, &c.; that the said defendants have not kept their said covenant, &c.

On *oyer* prayed, the following indenture was set out:—

"This indenture made this 24th day of *April*, in the year of our Lord, 1829, between *Bartholomew Johnson* and *Solomon Johnson*, his father, of the county of *Clark* and state of *Indiana*, of the one part, and *Nathan Sacket* of the county and state aforesaid, of the other, witnesseth, that the said *Bartholomew Johnson* hath by his own free will and accord, and with the consent of the said *Solomon*, his father, testified by his signature to these presents, put himself apprentice unto the said *Nathan Sacket*, to learn the trade and occupation of a house-joiner which the said *Sacket* useth, and with him to dwell as an apprentice from the date of these presents until the 24th day of *April*, 1833; during all which term the said apprentice, his said master well and faithfully shall serve, keep his lawful commands, do and obey, &c. From the service of his said master he shall not at any time depart or absent himself, without the consent of his said master, &c.; and the said *Sacket* on his part and in consideration of the premises, promises well and faithfully to teach and instruct, or cause to be taught and instructed, the said *Bartholomew Johnson* in," &c. The indenture concludes, "In testimony whereof, the parties have hereunto set their hands and seals this date above mentioned.—*Bartholomew Johnson*, [L. S.] *Solomon Johnson*, [L. S.] *Nathan Sacket*, [L. S.]"

The defendants then demurred generally. The Circuit Court sustained the demurrer, and rendered judgment in favour of the defendants for costs.

The indenture is obviously drawn within the provisions of the statute respecting apprentices (1). By that act, the consent

Nov. Term,
1832.

SACKET
v.
JOHNSON.

of the father or guardian of any person within the age of 21 years, must be signified by the signing and sealing of the indenture, to give it validity. If the father or guardian, in addition to his consent signified by signing and sealing, should enter into covenants, he is, as other covenantors, responsible for their execution. *Mead* v. *Billings*, 10 Johns. Rep. 99.—*Branch* v. *Ewington*, Dougl. Rep. 518.

The plaintiff in error contends, that the covenants in the indenture are jointly made by the defendants, and that both are responsible, if any of the covenants have been broken. He founds this position on the language used by the parties, in the beginning and conclusion of the indenture. The indenture is made by *Bartholomew Johnson* and *Solomon Johnson* of the one part, and *Nathan Sacket* of the other, and witnesseth that the said *Bartholomew Johnson* of his own free will and accord, and with the consent of the said *Solomon*, his father, testified by these presents, puts himself, &c. Here the reason is given why the father is a party—to give his consent, which is required, that the son should put himself an apprentice, and clearly not to incur liability for covenants into which the apprentice, in the body of the indenture, afterwards enters (2). The apprentice and the master respectively covenant, and it is only when we reach the conclusion of the instrument that the father again appears. He then, as one of the parties, signs and seals the indenture. The cases of *Blunt* v. *Melcher*, 2 Mass. Rep. 228, and *Ackley* v. *Hoskins*, 14 Johns. R. 374, are in point. These decisions are given upon instruments like the one before us, and upon statutes with similar provisions to that of this state.

We are therefore of opinion that the Circuit Court decided correctly, in sustaining the demurrer to the declaration.

*Per Curiam.*—The judgment is affirmed with costs.

*C. Dewey*, for the plaintiff.

*J. H. Thompson* and *I. Naylor*, for the defendants.

(1) Rev. Code, 1831, p. 70.

(2) The apprentice himself must execute the indenture; *The King* v. *The Inh. of Arn.*, 3 Barn. & Ald. 584; and still, if he is at the time under 21 years of age, he is not liable to *an action* for a breach of any of the covenants. *Gylbert* v. *Fletcher*, Cro. Car. 179.—1 Chitt. Gen. Pr. 70. The master's remedy against the apprentice for desertion is by advertising him; obtaining a justice's warrant for his apprehension; compelling him to serve an additional time for lost service, &c. Rev. Code, 1831, p. 71. The apprentice's desertion absolves

Nov. Term,
1832.

the master from any covenants on his part with the father for instructing the son, &c. *Hughes* v. *Humphreys*, 6 Barn. & Cress. 680.

As to the binding out of poor children by the overseers of the poor, see Rev. Code, 1831, p. 381.