## COLBY *vs.* EVERETT.

*d ft.* The <u>plaintiff</u> may file a single plea, to several counts in the declaration, if it is of itself a sufficient answer to each separately. And the plaintiff may take issue upon it as to some of the counts, and set forth matter in avoidance, as to others.

In an action upon a promissory note, to which the defendant has pleaded the statute of limitations, a replication, that the note is secured by a mortgage, is not bad on demurrer, notwithstanding it appears from the pleadings that the note is not fully described in the condition of the mortgage.

ASSUMPSIT, for money had and received, upon an account annexed, and upon sundry promissory notes. In the seventh count the plaintiff declared upon a promissory note, dated August 31, 1822, for $100, payable to one Richard Everett, or order, by the 15th of March, 1830, and by him indorsed to the plaintiff.

The defendant pleaded the statute of limitations, to all the counts.

The plaintiff replied that the causes of action, in the six first counts mentioned, did accrue within six years next preceding the commencement of the suit ; and as to the seventh, that the defendant, on the 31st of March, 1823, made, executed and delivered to Richard Everett, the payee of the note, a mortgage deed, of a certain tract of land in New-London, under his hand and seal, which still remained in full force, and made a profert of the deed.

The defendant then craved oyer of the mortgage, and set out the deed at large. The condition was, " that when said Otis Everett shall pay, or cause to be paid, the following notes, at the times, and in such a manner as said notes describe, viz. : one note, dated August 31, 1822, for $100, payable to said Richard Everett, or order, in March, 1824, by the 15th of said month ; also, one note dated 31st of August, 1822, for $30, to be paid by the 15th of March, 1825 ; also, one dated 31st of August, for $110, to be paid in one year from the last mentioned note ; also, one dated 31st of August, 1822, for $110, to be paid by the 15th of March,

Colby *v.* Everett.

1827 ; also, one note dated 31st of August, 1822, for $110, to be paid by the 15th of March, 1828 ; one of $100, to be paid in one year from the last date ; and one of $100, to be paid in 1830, then this deed to be void ; otherwise to remain in full force."

The defendant then demurred specially to so much of the replication as related to the seventh count, and joined issue upon that part of it which related to the other six.

The causes of the demurrer were, that it was not alleged that the mortgage had been assigned to the plaintiff, or that the other notes mentioned in the deed had been paid or assigned to the plaintiff.

*S. Butterfield, & Perley*, for the defendant, did not attempt to sustain the special causes of demurrer ; but they contended that the deed described several notes, no one of which appeared to be the one in suit, the note described in the seventh count being payable in March, 1830, and the note which was mentioned in the mortgage, as payable in 1830, being, in legal construction, payable on or before the last day of the year 1830 ; and they argued that it was not competent for the plaintiff to contradict the deed. 3 *Vermont R.* 202, *Edgell* vs. *Stanford.*

*W. P. Flanders*, for the plaintiff. If the deed may not be contradicted, it may be explained ; and it would not contradict the deed to show that the note in suit is the one last mentioned in the condition of it. The description there is not full, as in the declaration.

If the note was not secured by the mortgage, the defendant should have traversed that part of the replication, and a proper issue would have been joined. *Story's Pl.* 50 ; 1 *Saund. R.* 22, *note* 2.

A question of variance is a matter of fact. The legal effect of an instrument is for the determination of the court. All matters not denied are admitted. 2 *N. H. Rep.* 376,

*Cheever* vs. *Mirrick ;* 10 *Mass. R.* 80, *Ayer* vs. *Spring ;* 3 *D. & E.* 374, *Duffield* vs. *Scott.*

The defendant's plea is bad, and he must fail on his demurrer, for that reason.    He has pleaded one plea, of the statute of limitations, to several causes of action.    2 *Mass. R.* 80, *Perkins* vs. *Burbank.*

PARKER, C. J.    The defendant's plea is sufficient in form as well as in substance.    Although there are several counts in the declaration, it is not necessary to file a several plea to each count.    If the same matter is relied upon as a defence to all the counts, one plea, pleaded to all the counts, is sufficient.    It is to be taken distributively, as if it was a plea to each.    1 *Chitty's Pl.* 533, 551 ; 2 *Ditto* 643 ; 1 *Salk.* 223, *Howard* vs. *Jennison ;* 1 *D. & E.* 40, *Truman* vs. *Hirst.*

The plaintiff's replication is good in substance.    It was a sufficient answer, as to the first six counts, to traverse the allegation of the plea ; and it is a sufficient answer, as to the seventh, that the note in that count mentioned was secured by a mortgage—such notes being specially exempted from the operation of the statute of limitations.    *N. H. Laws* 77.

The only remaining question, and the one which is first presented by the pleadings themselves, is, whether the demurrer of the defendant is well taken.    The ground relied upon is, that no such note as that described in the seventh count of the declaration, is, in fact, secured by the mortgage which is spread upon the record.

But it is a sufficient answer to this, that it certainly does not appear that it is not so.    The replication avers that the note is secured by a mortgage from the defendant, which is still in force.    This is a matter of fact, which the defendant might have traversed by his rejoinder, and the question might have been settled by a jury.    But the court cannot determine, from the condition of the mortgage, as set forth in the rejoinder, that it is not so secured.    It is true that the note is not there fully described.    The last note there mentioned is

described as payable in 1830. Its date is not given, unless it may be inferred from the preceding parts of the condition. But the sum agrees with that of the note mentioned in the seventh count ; and the dates of the other notes described in the mortgage are the same with the date of the note sued. The latter also is payable by the 15th of March, 1830, and the other notes mentioned in the mortgage were payable by the 15th of March, in preceding years. Here are very strong grounds for supposing that this is the note intended by the last clause of the condition. It is by no means to be inferred from that clause, taken in connection with what precedes it, that the note there referred to was, in terms, made payable in 1830, without more, so that the maker would have the whole year in which to pay it.

We have no doubt that it would be competent for a jury to find, from the matter to which we have already adverted, appearing upon the face of the declaration and mortgage, that the note in suit is the one intended in the last clause of the condition. It is, therefore, very clear that the court cannot find, from matter appearing upon the record, that this note is not so secured ; and the defendant's demurrer is not well taken.

The result must have been the same, had the notes described in the condition of the mortgage agreed in no particular whatever with the note in suit ; for it is settled that a debt may be secured by a mortgage, where the original note has been taken up, and a new one substituted, the debt remaining the same, and the evidence of it, only, being changed. 2 *N. H. Rep.* 525, *Elliot* vs. *Sleeper ; ante* 210, *New-Hampshire Bank* vs. *Willard, and auth. cited.* This, of course, may be shown by other evidence, the matter not appearing upon the face of the deed.

*Judgment for the plaintiff on the demurrer.*