## WILLIAM W. CHAPMAN *versus* ISAAC CRANE.

An indenture in accordance with the provisions of St. 1821, c. 170, concerning apprentices, contains no covenants by which the guardian is personally bound.

The signature of the parent or guardian is affixed to show his consent to the binding.

THIS was an action of covenant broken. The allegations in the writ were, that Wm. M. Crane, who was bound out by the defendant to serve as an apprentice till he should arrive at the age of twenty-one years, with the plaintiff, had disobeyed the orders of his master, absented himself from his service before the expiration of the term thereof, without leave, and against the will of the plaintiff, &c. &c. contrary to the form and effect of his indenture, &c.

The defendant craved oyer of the deed declared on in the plaintiff's writ, and it was read to him in the words following : —

"This indenture witnesseth, that Isaac Crane, of Whitney, in the county of Washington, and State of Maine, gentleman, and guardian of Wm. M. Crane, a minor above the age of fourteen years, doth by these presents bind the said Wm. M., and with the free will and consent of the said William, he is hereby bound an apprentice to William W. Chapman, of Eastport, cabinet maker, and with him the said William W. Chapman, after the manner of an apprentice to serve from the day of the date of these presents until the 24th day of November which will be in the year of our Lord one thousand eight hundred and thirty-seven, when the said apprentice will arrive at the age of twenty-one years, during all which time the said apprentice his said master well and faithfully shall serve, &c. (in the usual form,) and the said William W. Chapman doth hereby covenant and promise to teach and instruct or cause the said apprentice to be instructed, &c. (in the usual form).

"In testimony whereof, the said parties have to this and one

other indenture of same tenor and date, interchangeably set their hands and seals the 4th day of July, A. D. 1832.

> "Isaac Crane,            (seal)
> " W. W. Chapman,        (seal)
> " Wm. M. Crane."         (seal)

Thereupon the defendant demurred, and the plaintiff joined in the demurrer.

*Thacher,* for the defendant, contended that here were no covenants. The first part was merely directory as to the duty of the apprentice. There are covenants on the part of the master, but none on the part of the defendant. This indenture is according to the provision of st. 1821, c. 170. The master signed to entitle him to the provisions of the statute. The remedy of the master is by application to the District Court, but he has no claims upon the parent or guardian for the misconduct of the ward. Abbott on Shipping, 234 ; *Blunt* v. *Melcher*, 2 Mass. R. 228 ; *Holbrook* v. *Bullard*, 10 Pick. 68 ; *Ackley* v. *Hoskins*, 14 Johns. 374.

*D. T. Granger,* for the plaintiff. The indenture is in the common form, and sets forth that Crane is the father of the apprentice. The nature of the instrument implies a contract. No particular form of words is necessary to constitute a covenant. The defendant binds his son ; that imports an agreement on his part. The duties of the apprentice are set forth in language importing a covenant. 3 Dane's Abr. 558; 3 Salk. 108 ; *Freto* v. *Brown*, 4 Mass. R. 675.

In the case of *Blunt* v. *Melcher*, 2 Mass. R. 228, the guardian did not bind the apprentice, but merely joined to express his assent, and that case is doubted in 3 Dane's Abr. 593. The case, *Holbrook* v. *Bullard*, 10 Pick. 68, is not applicable, the facts in this case being different.

The opinion of the Court was by

Weston C. J. — The revised statute of 1821, c. 170, concerning apprentices, was like the statute upon the same subject which existed in Massachusetts, at the time of the separation.

It has been there decided, that upon such an indenture as has appeared in this case upon oyer, there are no covenants by which the guardian is personally bound. *Blunt* v. *Melcher,* 2 Mass. R. 228. Dane, in his abridgement, doubts the law of this case. 3 Dane, 593. But it has been sustained and re-affirmed by a subsequent decision. *Holbrook* v. *Bullard et ux.* 10 Pick. 68. The indenture in the last case was executed by the mother; but she has by statute the authority the father had upon his decease; and we are aware of no reason, why the same language should receive a different construction, where she is a party to the instrument, from what it would if executed by the father. There has been a decision to the same effect, under a similar statute in New York. *Ackley* v. *Hoskins,* 14 Johns. 374.

The parent or guardian may bind himself personally, if the instrument contains a clause to that effect. In the above cases it was held, that his signature is affixed to show his consent to the binding. That the recital of what the apprentice is to do, and what he is to abstain from doing, is with a view to set forth his duties. If the apprentice misbehaves, the master may, under the statute, be discharged from the indenture, on application to the District Court. Or he may have process from a justice of the peace, to procure the return of an absconding apprentice to his duty.

The construction in Massachusetts, while we were a part of that State, having been such as has been before stated, we do not feel at liberty to apply a different rule to the indenture under consideration.

*Declaration adjudged bad.*