[No. 6,405.—Department No. 1.]

## GRUM v. BARNEY.

ACTION TO RECOVER PERSONAL PROPERTY— PLEADING — ANSWER — FRAUD.— In an action for the recovery of personal property, the complaint alleged ownership and a taking by defendant; and the defendant in his answer denied the ownership, and justified the taking, under an execution issued to him as Sheriff, against one L. *Held*, that the defendant was not bound to anticipate the case of the plaintiff, or to assume that he claimed as vendee of L., and that the answer averred all that was necessary to make up the material issues.

ID.— SALE OF PERSONAL PROPERTY — DELIVERY — CHANGE OF POSSESSION — FRAUD.—In the same action, it appeared that L., being the owner of the property in controversy, consisting of horses and hay, sold and delivered the same to the plaintiff, and at the same time leased to him the ranch on which the property was, and of which the plaintiff, as the servant of L., had for some time been the sole actual occupant; and that the property remained upon the ranch until taken by the defendant. *Held*—the jury having found for the plaintiff, and the Court having granted a new trial—that there was no apparent change in the mode of the plaintiff's occupation, when he ceased to be the servant of L. and became his lessee, and that the Court below did not err in granting a new trial.

APPEAL from an order granting the defendant a new trial, in the Sixth District Court, County of Yolo. DENSON, J.

The facts are stated in the opinion.

*Lambert & De Witt*, and *J. C. Ball*, for Appellant.

The delivery was immediate, and the change of possession actual and continued. (*Stephens* v. *Irwin*, 15 Cal. 503; *Lay* v. *Neville*, 25 id. 545; *Godchaux* v. *Mulford*, 26 id. 316; *Ford* v. *Chambers*, 28 id. 20.)

The finding of the jury was fully sustained by the evidence. The pleadings do not present any issue as to actual fraud.

*W. B. Treadwell*, for Respondent.

The evidence shows that the alleged sale from Lambert to the plaintiff was not accompanied by an immediate delivery, nor followed by an actual or continued change of possession. (Civ. Code, § 3440; *Engles* v. *Marshall*, 19 Cal. 320; *Vance* v. *Boynton*, 8 id. 554; *Woods* v. *Bugbey*, 29 id. 466; *Stevens* v. *Irwin*, 15 id. 503; *Hurlburd* v. *Bogardus*, 10 id. 518; *Weil* v. *Paul*, 22 id. 492; *Malone* v. *Plato*, 22 id. 103.)

It is contended by the plaintiff, that if the defendant in replevin wishes to avail himself of the provisions of § 3440 of the Civil Code, he must specially plead the facts which, by the statute, would avoid the sale, but the plaintiff may plead any title whatever; and it is a cardinal rule in pleading, that a party must be presumed to be ignorant of the particulars of his adversary's title (Stephen on Pleading, 323); and it is therefore sufficient to take issue upon the ultimate fact, which is the title to the property. (*Rous* v. *Gooch*, 5 Coke, 60; *Ashby* v. *Minnitt*, 8 Ad. & E. 121; *Chamberlain* v. *Stern*, 11 Nev. 271; *Quincy* v. *Hall*, 1 Pick. 357; *Clarke* v. *Foxcroft*, 6 Greenl. 296; *Stevens* v. *Frazier*, 2 B. Mon. 250; *Snook* v. *Davis*, 6 Mich. 156.)

McKINSTRY, J.:

The plaintiff avers that, on a certain day, he was the owner and in possession of certain personal property, and that so being the owner and in possession, the defendant wrongfully took the same, etc., and has ever since withheld, etc. Defendant denies that plaintiff is or was at the times mentioned in the complaint the owner, or entitled to the possession, and alleges that one Lambert was the owner and in possession; that one Asberry recovered a judgment against Lambert; that an execution was duly issued thereon, and placed in the hands of defendant, (alleged to be Sheriff) who levied on the property to satisfy the execution, etc.

The defendant was not bound to anticipate the case of the plaintiff, nor to assume that he claimed as vendee from Lambert, or that he would be willing to admit at the trial that the

latter had ever owned the property. It was for plaintiff to deraign his title at the trial. He might prove it *prima facie* by showing that it was taken out of his possession, or prove it fully by showing that he derived from some other paramount source. If he claimed to have purchased from the alleged judgment debtor, it would not be necessary in the first instance to prove an immediate delivery and continued change of possession, (if the law as between vendor and vendee had been complied with) unless he chose to admit the judgment, execution, and levy. If the property was taken from Lambert, the defendant would not be called on to show either the judgment, execution, or levy, until plaintiff had established his purchase from the judgment debtor. When Asberry was shown to be a judgment creditor, and the other facts connecting the Sheriff with the property were proven, it became necessary for the plaintiff, as vendee from Lambert, to prove an actual delivery and continued change of possession. But—the judgment, execution, and levy having been proved, together with the fact that Lambert was the former owner—plaintiff was *not the owner*, unless the sale to him had been accompanied with an immediate delivery, and was followed by an actual and continuous change of possession. These would be probative facts tending to prove his averment of ownership; and when defendant denied plaintiff's ownership, and averred the other matters alleged, he averred all that was necessary to make up the material issues.

The only actual occupant of the Lambert ranch, for a considerable period of time, prior to the alleged sale of personal property upon it, was the plaintiff. There was no apparent change in the mode or manner of his occupation, when, by the arrangement between Lambert and himself, plaintiff ceased to be the servant of Lambert, and became his lessee. Under the circumstances, we cannot say that the Court below erred in granting a new trial.

Order affirmed.

McKEE, J., and ROSS, J., concurred.