[Sac. No. 161.   Department One.—May 22, 1897.]

## CORNELIUS REILLY, RESPONDENT, v. WHITAKER WRIGHT ET AL., APPELLANTS.

QUIETING TITLE—EVIDENCE—DERAIGNMENT OF TITLE UNDER DEFENDANT —EXECUTION SALE—PROOF OF DEFENDANT'S TITLE UNNECESSARY.— In an action to quiet title, where the plaintiff deraigns title under one of the defendants by an execution sale of his property, he is not required to prove, as against such defendant, that he had any interest in or title to the property.

ID.—ATTACHMENT PRIOR TO MORTGAGE—RELATION OF TITLE.—Where the plaintiff levied an attachment upon the property in controversy prior to the date of a mortgage from the attachment debtor to another one of the defendants, the title of the plaintiff under the execution sale relates to the date of the levy of the attachment, and the rights of the mortgagee defendant are as effectually concluded by the execution sale as were those of the execution debtor; nor is the plaintiff required to prove any title in the execution debtor as against such mortgagee defendant.

ID.—EQUITABLE TITLE NOT PLEADED—FINDINGS.—An equitable title of a defendant, which was not pleaded, cannot be considered; and the court may properly ignore any evidence thereof, in making its findings, which should be confined to the issues made by the pleadings.

APPEAL from a judgment of the Superior Court of Nevada County and from an order denying a new trial. JOHN CALDWELL, Judge.

The facts are stated in the opinion.

*E. M. Gibson*, and *Welles Whitmore*, for Appellants.

The plaintiff failed to prove any title in the defendant at the time of the levy of the attachment, or at the time of the levy of execution. The sale of attached property under judgment and execution does not affect the title unless the defendant had an interest in the property at the time of the levy of the attachment. (Wade on Attachment, sec. 259; *Porter* v. *Pico*, 55 Cal. 165.) No attempt having been made to show the source of plaintiff's title, or that he had any title to the property in question, it therefore became unnecessary for the court to inquire into the title of the defendants. (*San Francisco* v. *Ellis*, 54 Cal. 72.)

*Charles W. Kitts*, and *Fred Searls*, for Respondent.

The defendant is estopped from questioning the plaintiff's title, as the sheriff's deed was his deed, and all that the plaintiff was required to show was the judgment, execution, and sheriff's deed. (*Cooper* v. *Galbraith*, 3 Wash. C. C. 550: *Blood* v. *Light*, 38 Cal. 658; 99 Am. Dec. 441; *Dodge* v. *Walley*, 22 Cal. 225; 83 Am. Dec. 61; *McDonald* v. *Badger*, 23 Cal. 395; 83 Am. Dec. 123; *Los Angeles County Bank* v. *Raynor*, 61 Cal. 145; Freeman on Executions, sec. 334.) The defendant Johnson can assert no rights acquired, as his were, between the date of the levy of the attachment and the sale under execution, as plaintiff's title, deraigned through the sheriff's deed, related back to the levy of this attachment. (*Porter* v. *Pico*, 55 Cal. 165; Waples on Attachment, sec. 17; Drake on Attachment, sec. 224 A.) As the answer denied ownership in the plaintiff and assertion of absolute title in the defendants, evidence as to an equitable title in the defendant Wright should not be considered. (Pomeroy's Remedies and Remedial Rights, sec. 679; McQuillan's Pleading and Practice, sec. 384; *Stewart* v. *Hoag*, 12 Ohio St. 623; *Clarke* v. *Huber*, 25 Cal. 594; *Downer* v. *Smith*, 24 Cal. 114; *Blum* v. *Robertson*, 24 Cal. 128, 142; *Carpentier* v. *Oakland*, 30 Cal. 439; *Jones* v. *Brinker*, 20 Mo. 87; *Kentfield* v. *Hayes*, 57 Cal. 411; *Cadiz* v. *Majors*, 33 Cal. 288; *Kenyon* v. *Quinn*, 41 Cal. 326; *Arguello* v. *Bours*, 67 Cal. 447.)

Van Fleet, J.—Appeal by defendants Wright and Johnson from a judgment quieting plaintiff's title to a piece of mining ground in Nevada county, and from an order denying said defendants a new trial.

The complaint was in the usual form, alleging title and possession and right of possession in plaintiff, and that defendants made some claim adverse to the plaintiff in the premises which was without right. Appellants answered jointly, denying plaintiff's title, and averring legal title in fee in Wright, and a mortgage

lien on the property by Johnson under a mortgage from Wright.

At the trial plaintiff deraigned title to the premises in dispute under a judgment and execution sale in an attachment suit theretofore brought by him against the defendant Wright in the superior court of Nevada county. After showing that the complaint was filed and attachment issued in that action October 16, 1889; that the attachment was levied on the property October 17, 1889; that judgment was entered therein in favor of Reilly for fifteen thousand dollars and costs May 1,1893; the issuance and levy of execution thereon against the property May 5, 1893; a sale of the property by the sheriff under the execution June 5, 1893, to one L. Gilson; sheriff's deed to the purchaser December 11, 1893; and a deed from Gilson to plaintiff March 3, 1894, plaintiff rested.

Thereupon appellants moved for a nonsuit upon the ground that the evidence did not show "whether at the time of the levy of the writ of attachment, or the execution admitted in evidence, the defendant Wright had any interest in the property." The motion was denied, and the only material question in the case is the correctness of this ruling.

The contention of appellants, in keeping with the ground of their motion, is that plaintiff made no case because he offered no evidence " showing or tending to show that Whitaker Wright had any interest in the property" either at the date of the attachment or of the levy of the execution, and, consequently, that there was nothing to show that plaintiff acquired any interest through his deed from Gilson. There is no merit in the contention. The plaintiff was claiming under an execution sale based upon a judgment against Wright as the judgment debtor, and in such case, in an action of this character, it was only necessary for plaintiff, in making out a *prima facie* right to recover as against Wright, to show the judgment of a court of competent jurisdiction, the execution thereon and sale thereunder,

and transmission of the title to the plaintiff. (*Los Angeles County Bank* v. *Raynor*, 61 Cal. 145.) "As against the judgment debtor, the production of the judgment, execution and sheriff's deed is *prima facie* evidence of the plaintiff's right to recover; but if the action is against a stranger to the judgment, the plaintiff must also show that the judgment debtor had the title or possession of the land at the date of the lien or of the sale." (*Robinson* v. *Thornton*, 102 Cal. 675, 681, and cases there cited.)

The same is true as to defendant Johnson. His mortgage interest or lien was acquired intermediate the levy of the attachment and the execution sale in the attachment suit of *Reilly* v. *Wright*, and was, therefore, subordinate to the lien of the attachment; and, as the title acquired through the sheriff's deed related back to the levy of the attachment (*Porter* v. *Pico*, 55 Cal. 165), his rights under the mortgage were as effectually concluded thereby as were those of his mortgagor. (*Robinson* v. *Thornton, supra.*)

The other questions presented all grow out of an attempt on the part of the defendants to show an equitable title in defendant Wright, which was not pleaded. The whole matter was entirely without the issues raised by the pleadings, and, while the court admitted evidence upon the question, it eventually, and we think properly, entirely ignored such evidence in making its findings, and confined itself to the issues made by the pleadings. The errors assigned thereon have no material bearing upon the case, and the judgment and order must be affirmed.

It is so ordered.

HARRISON, J., and BEATTY, C. J., concurred.