[S. F. No. 8710. In Bank.—December 17, 1918.]

## In re Estate of WILLIAM E. DARGIE, Deceased. M. C. CHAPMAN et al., etc., Appellants.

ESTATES OF DECEASED PERSONS — SEPARATE PROPERTY OF HUSBAND—TREATMENT IN WILL AS COMMUNITY PROPERTY—RIGHT OF WIFE.— Where a testator by his will executed twenty-nine years after his marriage declared that at the time of his marriage he owned and possessed in his own right property of the then value of about one hundred thousand dollars, and that the property was still owned and possessed by him and was a part and portion of his estate, but that for the purpose of his will all of the property of which he was presently possessed should be considered as community property, and then gave, bequeathed, devised, and confirmed to his wife one-half of all the property, real, personal, or mixed, of which he might die seised or possessed, declaring it to be the same portion thereof to which she would be entitled in the event of all the property being community property, the wife is entitled to one-half of the separate property of the deceased and to one-half of the community property, and not to three-fourths of the estate.

ID.—COMMUNITY PROPERTY—SUCCESSION BY SURVIVING WIFE.—During the lifetime of the husband, he is the owner and entitled to the possession of all the community property, and upon his death the surviving wife becomes entitled to one-half of the community property as the survivor of the marital community, regardless of the existence of other heirs or of a will, but the other half passes by will, or, in case of intestacy, by the laws of succession, to his heirs, including the surviving wife in certain cases.

APPEAL from a partial decree of distribution of the Superior Court of Alameda County. Wm. S. Wells, Judge. Reversed.

The facts are stated in the opinion of the court.

Fitzgerald, Abbott & Beardsley, and Eugene E. Trefethen, for Appellants.

M. C. Chapman, John F. Conners, and J. Clem Arnold, for Appellants, Executors, and Trustees.

Edgar D. Peixotto, for Appellant Thomas Malvern Dargie.

A. A. Moore and Stanley Moore, for Respondent.

WILBUR, J.—This is an appeal by the executors and trustees and by the residuary legatees from a partial decree of distribution, whereby three-fourths of the estate of the deceased was distributed to his surviving wife, one-half as community property and one-half under the terms of the will. The correctness of the decree depends upon whether or not, by the provisions of the third division of the will, the deceased intended to deal with the entire community property, or only with that portion thereof (one-half) over which he had the power of testamentary disposition. (Civ. Code, sec. 1402.) The provision in question reads as follows (italics ours):

"I hereby certify and declare that at the time of my marriage with my wife Erminia Peralta Dargie, I owned and *possessed* in my own right, property of the then value of about one hundred thousand dollars, and which said property is still owned and *possessed* by me, and is a part and portion of my estate, but that for the purpose of this my said will, *all of the property of which I am now possessed* may be considered as community property, and I do hereby give, bequeath, devise, and *confirm* unto my said wife Erminia Peralta Dargie, *one-half of all the* property, real, personal or mixed, *of which I may die* seised or *possessed,* being the same portion thereof to which she would be *entitled* in the event of all of my said property being community property."

It will be observed that the decree stated that certain property was "owned and possessed" by him at the time of his marriage, and was still "owned and possessed" by him, but directs that such property and all other property "possessed" by him be considered as community property. He then bequeaths and devises and *confirms* to his wife one-half of all

property "possessed" by him at the time of his death. He evidently considered that the entire community was "possessed" by him, as it was, in fact, and deals with it as a whole. The deceased does not bequeath one-half of "my property," or of "my interest in the community property," or of the "property over which I have testamentary power," but one-half of all the property "possessed" by him. To make assurance doubly sure, he adds, "being the same portion to which she would be *entitled* in the event of all of my property being community property"—not, be it observed, the same portion she would receive in the event that deceased left no will (three-fourths, there being no father or mother or brothers or sisters, secs. 1402, 1386, subd. 2, Civ. Code), but the portion of the community property she is "entitled to" as of right, namely, one-half. (Civ. Code, sec. 1402.) During the lifetime of the husband, he is the owner and entitled to the possession of all the community property. Upon his death the surviving wife becomes entitled to one-half of the community property as the survivor of the marital community, regardless of the existence of other heirs or of a will, but the other half passes by will, or, in case of intestacy, by the laws of succession, to his heirs, including the surviving wife in certain cases. (*Dargie* v. *Patterson*, 176 Cal. 714, [169 Pac. 360].) One-half, then, is the "portion" of the community property, to which the widow is entitled, by virtue of its community character. That the testator was referring to this half of the property to which she is entitled of right is also further indicated by the use of the word "confirm" in the following clause: "I do hereby give, bequeath, devise and *confirm* unto my said wife Erminia Peralta Dargie one-half of all the property . . . of which I may die seised or possessed." It is true that the additional words, "I do hereby give, bequeath and devise . . . unto my said wife," etc., import more than a mere recognition of the right over which the testator had no control. But the words are appropriate to the purpose of the testator, which was to "give, devise and bequeath" to his wife one-half of all of his separate property, which, for convenience, he directed to be considered as a part of the community property. While it is true that the direction that the separate property should be treated as a part of the community property was, by implication, a devise and bequest to his wife of

a one-half interest therein, it was more appropriate that this should be done, at it was, by express bequest and devise.

In the argument, counsel treat the will as, in effect, stating that decedent's separate property consisted of one hundred thousand dollars. If, however, at the time of his marriage, the deceased owned a hundred thousand dollars' worth of property, that property, with all the rents, issues, and profits thereof, continued to be his separate property. (Civ. Code, sec. 163.) The marriage occurred December 15, 1881. The will was drawn twenty-nine years thereafter (1910). The deceased died in 1911, at which time his estate was appraised at nine hundred and thirty-three thousand nine hundred dollars. It might be exceedingly difficult to determine what portion of the property left by him was derived from his separate property, and the rents, issues, and profits thereof, and what portion, if any, constituted community property. It is quite conceivable that,' if the source of all the property left by the deceased could have been ascertained, it would have been discovered that it was largely separate property. It is, therefore, evident from the will that the deceased intended to prevent the difficulty of ascertaining what portion of his property was community, and what portion separate property, and that he desired his wife to have one-half, and no more, of all the property left by him, whether community or separate property. The will is not susceptible of the construction that the testator was therein dealing with only his separate property and the one-half of the community property over which he had testamentary control, for he expressly provides to the contrary. The court was in error in allowing the surviving wife three-fourths of the property of the deceased. She is entitled to one-half of the separate property of the deceased and to one-half of the community property.

Decree reversed.

Shaw, J., Richards, J., *pro tem.*, and Lorigan, J., concurred.

SLOSS, J., Concurring.—I concur in the judgment. The question is one of interpretation, simply, and I agree with Justice Wilbur's conclusion that a reading of all the provisions of the will discloses the testator's intent that the entire estate possessed by him in his lifetime should be regarded as community property, and that the widow should receive

only one-half of that entire estate. In other words, the testator in speaking of "the property, real, personal, or mixed of which I may die seised or possessed," had in mind the whole of the community property, and not merely the part of it which was subject to his power of testamentary disposition.

It should, perhaps, be added that no member of the court, as I understand, is disposed to depart in the slightest degree from the familiar and well-settled rules governing the construction of wills made by married men possessed of community property. This court has consistently ruled that such a testator is presumed to know that his power of disposition by will does not extend to the surviving wife's half interest in the community property, and that the will is ordinarily to be read as covering, by its dispositions, only the property which the testator had the right to devise or bequeath, i e., his separate property and an undivided half of the community property. The gift to the widow of "half of my estate" would, therefore, in the absence of words indicating a contrary intent, carry to her one-half of the estate subject to testamentary disposition, and she would take, in addition, one-half of the community property as survivor. A few citations will suffice. (*Beard* v. *Knox,* 5 Cal. 252, [63 Am. Dec. 125]; *Estate of Silvey,* 42 Cal. 210; *Estate of Smith,* 108 Cal. 115, [40 Pac. 1037]; *Estate of Vogt,* 154 Cal. 508, [98 Pac. 265]; *Estate of Prager,* 166 Cal. 450, [137 Pac. 37].) In the present case, however, the wording of the will is such that the presumptions referred to cannot be applied without doing violence to the testator's declared intention.

Angellotti, C. J., concurred.