[Civ. No. 2173.   Third Appellate District.—November 27, 1920.]

ANDREW E. ROWE, Respondent, v. GEORGE WURSTER, Appellant.

[1] EASEMENT—PRIVATE RIGHT OF WAY — PRESCRIPTION. — A private right of way is an interest in the land to which such easement is annexed and may be acquired by prescription.

[2] ID.—ACTION TO ESTABLISH RIGHT OF WAY—TITLE TO LAND—JUDGMENT.—A judgment, in an action to establish a private right of way over defendant's land, that plaintiff now is and he and his predecessors have been for fifty years the owners in possession and entitled to the possession of the way, "over the lands of the defendant," is not subject to the construction that the plaintiff is thereby given the absolute title to the land to which the easement is appurtenant.

[3] ID.—TITLE BY PRESCRIPTION—PLEADING AND EVIDENCE.—An allegation of ownership of a private right of way may be sustained by proof of title acquired by prescription.

APPEAL from a judgment of the Superior Court of Siskiyou County. James F. Lodge, Judge. Affirmed.

The facts are stated in the opinion of the court.

Taylor & Tebbe for Appellant.

Collier & McNamara for Respondent.

HART, J.—This controversy arises over an alleged private right of way. Plaintiff and defendant are the owners of adjoining ranches. Plaintiff's ranch is known as and referred to in the complaint as the Patterson ranch, J. R. Patterson being his immediate predecessor, and defendant's ranch is referred to as the Carpenter ranch, he being the successor in interest in said ranch of James Carpenter. Plaintiff claims a right of way extending from his ranch across the lands of other parties not sued herein, and across certain lands of defendant, for a distance of about 486 feet to the main public highway. Plaintiff con-

1. Acquisition by prescription of right of way over uninclosed land, note, 1 A. L. R. 1368.

tends that the said private right of way is appurtenant to the Patterson ranch, and has been used by the plaintiff and his predecessors for a period of more than fifty years prior to the filing of his complaint, and that the use of said way has not been interrupted, except once or twice for short intervals, until the months of September, October, and November, 1918, when defendant obstructed the way by building a gate across it and claiming the right to continue said obstruction, thereby preventing plaintiff from enjoying his said way as he was accustomed to use and enjoy it. Plaintiff seeks by his action to establish his right to said private way and to compel defendant to remove the obstruction therefrom, and also prays for damages in the sum of five hundred dollars. Judgment was for plaintiff, and the damage was assessed at ten dollars, from which judgment defendant appeals.

Two general points are advanced against the validity of the judgment, and they are that the evidence is insufficient to support the vital findings and that the judgment is against law, inasmuch as by said judgment the absolute title of the land to which the easement in question is thus attached is given to the plaintiff, thereby depriving the owner of all right to use said land.

There are nine specifications involving the claim that the evidence is insufficient to support the findings therein specifically referred to, but all of these, with the exception of the charge that the finding as to the small amount of damages assessed against the defendant is without evidential support, assail the findings that "the plaintiff is now and he and his predecessors in interest have been for fifty years and more last past the owners in possession and entitled to the possession of a private right of way twenty feet wide and being ten feet on each side of the following described line," describing the same as the way is described in the complaint, "and has the right to pass and repass over the same on foot, with team, automobile, and wagons," and that "defendant, on or about the months of September, October, and November, 1918, and at other times thereafter and before the filing of this action, wrongfully obstructed said way by building a gate across the same, and that said defendant does still continue to maintain said obstruction, thereby preventing plaintiff from enjoying said way."

An examination of the testimony embraced in the record before us can leave absolutely no doubt in the mind of any candid person that the findings derive sufficient support from the evidence. It is not thought to be necessary to reproduce herein a detailed statement of the testimony presented by the plaintiff to support his claim that he is the owner and entitled to the possession of the right of way described in his complaint over the defendant's lands, likewise described. It is enough to say generally that there were, besides the plaintiff himself, who bought the Patterson ranch in the year 1900, from and continuously since which time the way in question remained unobstructed until in the later months of the year of 1918, fourteen witnesses produced by the plaintiff, some of whom had at times owned or been connected with the Patterson and Carpenter ranches for many years before the plaintiff and the defendant became the owners, respectively, of those ranches, and others of whom had lived in the neighborhood of said ranches practically all their lives, who testified that the way in question had been habitually and continuously used by the plaintiff and his predecessors in interest (Patterson and others) for upward of fifty years down to the time the use of the way was obstructed by the defendant by the erection of a gate thereon in the year 1918. One of the witnesses (a son of Patterson, plaintiff's immediate predecessor in interest) testified that his father had continuously and uninterruptedly for many years, and until he sold the ranch to the plaintiff, used the road in question for the purpose of getting to his own place or ranch, and that no objection was ever made to the use of said road, either by the defendant or any of his predecessors. Another witness testified that, while he was the owner and in the possession of the Carpenter ranch, and before the defendant became the owner thereof, he erected a gate on the roadway, but immediately removed it because Rowe (plaintiff) objected to the maintenance of a gate on the roadway. It is also in evidence that whatever improvements were made on the road were made by the plaintiff. There is testimony, also, to the effect that there was another road leading from the Patterson ranch to a place called Edgewood, and which road connected with the highway, but that said road passed over and through a very hilly country and could be used

only by light vehicles carrying no loads of any kind, and that the road in question was the only one leading to the highway from the Patterson ranch over which heavily loaded vehicles could pass. In brief, and in a measure to recapitulate, the testimony clearly shows that the way in controversy has been continuously used for approximately fifty years, except when obstructed by the gate erected on the roadway in 1918 by the defendant, by the plaintiff and his predecessors in interest in the land to which said roadway leads from the highway, and that its use by plaintiff for the purposes of his farming business is absolutely necessary.

[1] It is well settled—indeed, so well settled as to transfer the proposition beyond the realms of controversy—that a private right of way is an interest in the land to which such easement is annexed, and may be acquired by prescription. (*Patchett et al.* v. *Pacific Coast Ry. Co.*, 100 Cal. 505, 509, [35 Pac. 73]; Civ. Code, sec. 1007.)

As to the finding upon the question of damages sustained by the wrongful act of defendant in obstructing the highway, as already indicated, it is sufficient to state that the plaintiff testified that, while the gate erected by the defendant was maintained, he was compelled to go to an expense by reason of said obstruction which otherwise would not have accrued to him in getting to his place wood and other articles necessary for his domestic use, etc. It is true that there is no testimony disclosing precisely the actual detriment he suffered as a result of the obstruction of the roadway in question. It is obvious, however, that the main relief sought by this action was to establish in the plaintiff the right to an easement on the lands of the defendant in the form of a right of way over said lands, and that the claim for damages was only incidental and secondary to such relief. The damages awarded (and the testimony shows that the plaintiff did sustain *some* damage through the act of the defendant in maintaining an obstruction on the roadway) are infinitesimal in amount, particularly so when considered in the light of the proposition that the principal and more important relief sought by the plaintiff was to have his title to the right of way quieted, and are to be regarded, as certainly they are, as mere

nominal damages. Therefore, the maxim, *de minimis non curat lex,* applies to this point.

[2] The second point made by the defendant, viz., that the effect of the decree is to divest the defendant of the fee in or title to the lands over which the private way in controversy passes, is not well founded or justified.

The complaint is in two counts, in each of which it is alleged that the private right of way claimed by plaintiff is over the lands of the defendant, and the relief asked is, as seen, that the plaintiff's title to said way be determined and quieted as against any adverse claim thereto by defendant, and that defendant be enjoined from interfering with the plaintiff's right thereto. Neither the findings, nor the conclusions of law, nor the decree anywhere refer to the fee or the title thereto, but the court merely finds, concludes as a matter of law, and adjudges that the plaintiff "is now and he and his predecessors in interest have been for fifty years immediately last past and prior to the filing of plaintiff's complaint herein, the owners in possession and entitled to the possession of a *private right of way* as set out and described in paragraph one of these findings," said private right of way being the one described in each count of the complaint as being over and on the *lands of the defendant*—in other words, over and on lands the title to which is in the defendant. We do not see how the court could have made it any clearer than it is made to appear in its findings of fact, conclusions of law, and judgment that the plaintiff was entitled only to the easement upon defendant's lands, which are with equal clearness described in the complaint as the latter's lands. In short, it is perfectly clear that all the complaint asked and all that the court has decided is that plaintiff is entitled to a private right of way on and over defendant's lands, and it is equally clear that should the plaintiff, or any other person who might succeed to his interest in his land to which the easement in controversy is annexed, ever abandon or surrender said right of way, the defendant would, under the plain terms of the decree, still have and own in the particular portion of his lands the actual use of which is essential to the enjoyment of the right of way the fee free from the burden of said easement.

[3]   There is another point made by defendant and that
is, in effect, that the findings and the judgment transcend
the claims of the complaint, inasmuch as a prescriptive
title to a right of way on and over defendant's lands is
not pleaded.  A conclusive answer to this proposition is
to be found in the case of *Myers* v. *Berven*, 166 Cal. 484,
[137 Pac. 260], wherein Mr. Justice Shaw, at page 490,
speaking of a like contention, says: "Appellant insists
that the cross-complaint does not allege title by prescrip-
tion and, hence, that it is not in issue.  Such particularity
of pleading is not required in actions of this character.
The allegation is that Berven is the owner of the way de-
scribed.  This is sufficient.  (*Hesser* v. *Miller*, 77 Cal. 193,
[19 Pac. 375].)   This allegation may be sustained by proof
of title acquired in any legal mode.  A title by prescrip-
tion is a legal title.  (Civ. Code, sec. 1007; *Wachumna W.
Co.* v. *Ragle*, 148 Cal. 764, [84 Pac. 162].)"

We have discovered no legal objection to the decision
herein by the court below, and the judgment is, for the
reasons above given, affirmed.

Prewett, P. J., *pro tem.,* and Burnett, J., concurred.