[Civ. No. 13298.   Second Dist., Div. Two.   Oct. 2, 1941.]

MAE E. SELLERS, Respondent, v. TRINITY NEIL, Appellant.

Barry L. Sullivan, Ben Van Tress and James R. Jaffray for Appellant.

W. R. Hervey, Jr., for Respondent.

HANSON, J. *pro tem.*—The primary question presented by this appeal is whether a conveyance by one joint tenant to the other was fraudulent as to a creditor of both, and if so, whether a declaration of homestead filed by the grantee joint tenant prior to the lien of the creditor's judgment is effective partially or completely to bar that lien.

The creditor—predecessor in interest of appellant—on May 1, 1935, instituted an action to foreclose (and for a deficiency) a trust deed as a mortgage on property, other than the property herein involved, which secured a joint and several promissory note, both of which instruments had been executed by Ione Sellers and her mother, Mae E. Sellers, the latter being the respondent here. At, prior and at all times subsequent to the date the action was instituted the mother and her daughter occupied the property here in controversy as a home. On May 21, 1935, the daughter conveyed her in-

terest therein to the mother, and on May 22, 1935, the mother made a declaration of homestead on the property and the next day filed both the deed and the declaration for record. In the foreclosure action the decree of foreclosure ordered a sale by a commissioner, but before the sale was held due notice was given of the fact that the mother had filed a declaration of homestead against the property here involved. On July 6, 1935, the commissioner filed his return showing a sale had been made of the mortgaged property to the judgment creditor. Thereafter a deficiency judgment for $793.93 was rendered and entered against the mother and the daughter, upon which execution issued to the sheriff, who levied on the property here in question and in due course sold the property to appellant. The usual certificate of sale was issued and filed for record on January 13, 1939. Thereafter on May 18, 1939, the mother instituted this action in the court below to quiet title to the homestead property, naming as defendants, among others, the appellant, the original judgment creditor, and the sheriff of Los Angeles County. Appellant, Trinity Neil, entered a general denial to the complaint to quiet title and a cross-complaint to quiet the title in her.

The trial court found that respondent was, and at all times material to the controversy had been, the absolute owner and in possession of the homestead property; that she filed a declaration of homestead on May 23, 1935, and that the various affirmative allegations of title set up by appellant were untrue.

We turn now to appellant's contentions and concessions. First, she concedes that the judgment creditor failed to follow the requirements of Civil Code sections 1245-1259 and hence she has no right of title to the undivided interest which was held by the mother prior to her daughter's conveyance to her. However, appellant maintains that her predecessor, the judgment creditor, was not required to follow the Civil Code sections mentioned in pursuing the interest conveyed by the daughter, if the conveyance may be said to be fraudulent as to the creditor. Accordingly, the pertinent inquiry at this point is whether a fraudulent conveyance was in issue and if so whether it was shown. The trial court made no special finding on the point, and this appellant assigns as error.

■ Error is predicated upon the theory that in a quiet title suit, unlike other actions generally, a defendant under a general denial may raise the issue that the plaintiff acquired title in whole or in part through a fraudulent transfer affecting her claim of title thereto. Contrary to the contention of respondent this, as appellant claims, is the rule in this jurisdiction. (*Howe* v. *Johnson,* 107 Cal. 67, 77 [40 Pac. 42]; *Banning* v. *Marleau,* 121 Cal. 240 [53 Pac. 692]; *Bird* v. *Murphy,* 72 Cal. App. 39 [236 Pac. 154].) ■ However the difficulty for appellant here is that not once during the trial did she, by statement to the court or through any examination of the witnesses, indicate that she was claiming that the conveyance by the daughter to the mother was fraudulent as to her or her predecessor. She may not now contend in this court, for the first time, that the trial court should have found specially on an issue she raises here but did not raise there. ■ Furthermore, the finding of the court that the allegation of appellant's answer reading, ''that the said Trinity Neil is by virtue of said certificate of sale the owner of all the right, title and interest in and to the property described in plaintiff's complaint, as against the claim of Mae E. Sellers and Ione Sellers, or either of them,'' was untrue, was sufficient to negative the claim, if claim there was, that the daughter's conveyance was fraudulent. ■ The only evidence in the record bearing on the question, here shadowed forth for the first time, is the recital in the deed that the actual consideration therefor was less than one hundred dollars and testimony that an undivided one-half interest in the property was of the value of $2500. As the record is silent as to what other consideration there may have been for the conveyance, it is obvious that the evidence is wholly insufficient.

For the reasons indicated we have no occasion to consider the question whether the declaration of homestead in and of itself was a bar against appellant in her attempt to follow the interest conveyed by the grantor joint tenant.

The purported appeal from the order denying motion for new trial is dismissed.

The judgment should be and it is affirmed.

Moore, P. J., and McComb, J., concurred.