[S. F. No. 16249.   In Bank.   July 22, 1943.]

BLANCHE HADLEY STRONG, Appellant, v. MURIEL F. STRONG, Respondent.

Kenneth J. Carey and Henderson & Henderson for Appellant.

Snook & Snook & Chase and Samuel J. Chase for Respondent.

TRAYNOR, J.—This action was brought by plaintiff Blanche Hadley Strong against defendant Muriel F. Strong to quiet title to a house and lot in the city of Oakland. The property was conveyed on December 16, 1925, by June Wadey to Lester H. Strong, at that time the husband of defendant Muriel F. Strong, and the deed was recorded on January 6, 1926. The purchase was made at least in part with community funds. In 1932 a grant deed was executed and delivered to plaintiff Blanche Hadley Strong, mother of Lester H. Strong. Both Lester H. Strong and Muriel F. Strong signed and acknowledged the deed, but only Lester H. Strong was named therein as grantor. Muriel F. Strong was induced to sign the deed by her husband's representations that he was in financial difficulty, that the conveyance was made for the protection of their home, and that there would shortly be a reconveyance to them. The deed was recorded on April 14, 1932. On January 14, 1938, Muriel F. Strong was granted a divorce and was awarded the house and lot, formerly the home of the family and subsequently the home of her two children and herself. Plaintiff appeals from the judgment in favor of the defendant.

The divorce decree could pass no interest to defendant unless the deed could not be enforced against her, so inquiry must first be directed at the effectiveness of the conveyance to plaintiff in 1932. Defendant invokes section 172a of the Civil Code, providing that the wife must join with the

husband in executing any instrument by which "community real property or any interest therein is leased for a longer period than one year, or is sold, conveyed, or encumbered. . . ." Defendant contends that in order to join in executing the deed, the wife must be named therein as grantor.

Two early cases, *Ingoldsby* v. *Juan*, 12 Cal. 564, and *Dentzel* v. *Waldie*, 30 Cal. 138, involved legislation providing that a conveyance of the wife's separate property must be signed by the husband, that such a conveyance must be by joint deed, and that it must be executed by husband and wife. (Hittel General Laws of California, (1872) pp. 103, 105, 516.) This court held that the husband complied with these statutes by signing the deed, on the ground that it would be unreasonable to expect a husband who had no interest to convey to be a formal grantor. It declared that the husband was required to join merely to give or withhold his assent to the transfer, and that he gave his assent by signing the deed. The same reasoning applies to Civil Code section 172a. When that section was adopted in 1917, a wife had no legal interest in the community property (*Spreckels* v. *Spreckels,* 172 Cal. 775 [158 P. 537]; *Estate of Dargie*, 179 Cal. 418 [177 P. 165]; *Lahaney* v. *Lahaney*, 208 Cal. 323 [281 P. 67]; *McKay* v. *Lauriston*, 204 Cal. 557 [269 P. 519]; *Stewart* v. *Stewart*, 199 Cal. 318 [249 P. 197]), and since she could grant no interest, the Legislature could hardly have intended her to act as grantor. ■ The rights of the husband and wife must be measured by the statutes in effect when the property was acquired (*McKay* v. *Lauriston, supra; Lahaney* v. *Lahaney, supra*), and as the property in this case was acquired before the adoption in 1927 of Civil Code section 161a providing that the wife has a "present, existing, and equal" interest in community property, the wife adequately signified her consent to the transfer by the husband by signing the deed. (*Riley* v. *Gordon,* 137 Cal.App. 311 [30 P.2d 617]; see 3 Cal.Jur.TenYr.Supp. 593.) Since the provisions of section 172a were the same in 1927 as in 1917 with respect to a wife's joining in a conveyance of community property, it is unlikely that any alteration in this meaning was intended in 1927.

Defendant relies on *Cordano* v. *Wright,* 159 Cal. 610 [115 P. 227, Ann.Cas. 1912C 1044], *Roberts* v. *Abbott,* 48 Cal. App. 779 [192 P. 345], and *Childs* v. *Newfield,* 136 Cal.App. 217 [28 P.2d 924], holding that if several persons sign a

deed, some of whom are not named therein as grantors, only those so named convey their interest in the property granted. In distinguishing *Ingoldsby* v. *Juan,* and *Dentzel* v. *Waldie,* however, the court in *Cordano* v. *Wright* made it clear that those cases were correctly decided, and that a person without any legal interest in the property granted could by signing a deed comply with a statute requiring that he join in its execution. The rule in *Cordano* v. *Wright* had its origin in the fact that at common law deeds were not signed but sealed, and identification of the grantor was therefore required in the body of the deed. Even after seals were replaced by signatures and the rule became unnecessary it was still applied mechanically. (*Elliot* v. *Sleeper,* 2 N.H. 525.) Several courts, however, have refused to adhere to the rule now that it has lost its reason for being. (*Sterling* v. *Park,* 129 Ga. 309 [58 S.E. 828, 121 Am.St.Rep. 224, 12 Ann.Cas. 201, 13 L.R.A.N.S. 298] ; *Agar* v. *Streeter,* 183 Mich. 600 [150 N.W. 160, Ann.Cas. 1916E 518, L.R.A. 1915D 196] ; *Hrouska* v. *Janke,* 66 Wis. 252 [28 N.W. 166] ; *Elliot* v. *Sleeper, supra.* See *Blake* v. *Hedrick,* 94 W.Va. 761 [120 S.E. 906] ; *Runyan* v. *Snyder,* 45 Colo. 156 [100 P. 420].) Certainly it should not be applied where there is no occasion for even its mechanical application. ■ The purpose of section 172a was to give a wife a veto power over conveyances of community property disadvantageous to her (*Stewart* v. *Stewart, supra*) and since she can exercise this power effectively by refusing to sign the deed, there is no need for more elaborate procedure.

■ Defendant, moreover, asserts her rights under section 172a too late. ·At the time the property was acquired this section provided that no action to avoid a conveyance of community real property in which the wife had not joined "shall be commenced after the expiration of one year from the filing for record of such instrument in the recorder's office in the county in which the land is situate." (Stats. 1917, p. 829.) The deed to plaintiff was recorded several years before the commencement of this action. It is immaterial that the wife has brought no action to avoid plaintiff's deed but invokes section 172a as defendant in a quiet title suit, for statutes of limitation, although commonly phrased in terms restricting only the commencement of actions (Cal. Code Civ. Proc. sec. 335 et seq.), apply to causes of action raised by the defendant. (*Hermosa Beach etc. Co.* v. *Law Credit Co.,* 175 Cal. 493 [166 P. 22] ; *Bradbury* v. *Higginson,* 167 Cal. 553 [140

P. 254]; *Union Sugar Co.* v. *Hollister* [Estate Co.], 3 Cal.2d 740 [47 P.2d 273]; *Bliss* v. *Sneath*, 119 Cal. 526 [51 P. 848].) "A title which will not sustain a declaration will not sustain a plea." (Holmes, J., in *Chapin* v. *Freeland*, 142 Mass. 383 [8 N.E. 138, 56 Am.Rep. 701].) Defendant, despite her plea of ownership, seeks in fact to prevail on the basis of a cause of action to avoid plaintiff's deed, a cause of action on which the statute has run.

Defendant's argument that the statute should not bar this cause necessitates the assumption that 172a should be construed more strictly than the usual statute of limitations. The reverse is true. The recipient of a deed executed by the husband alone obtains a voidable interest. The object of the one year limitation in section 172a is to make that interest absolute after that time just as statutes barring actions for the recovery of real property are usually construed to create a new title in the adverse possessor and to terminate the interest of the paper titleholder. (See Ballantine, *Title by Adverse Possession*, 32 Harv.L.Rev. 135; Tiffany on Real Property (3rd ed.) section 1133, et seq.; Restatement: Property, Introductory Note to chapter 15.) It is not reasonable to suppose that the Legislature intended to make the grantee's right to the property dependent on the chance of the wife's appearing as plaintiff rather than defendant.

It is also contended that plaintiff waived the limitation under 172a on defendant's cause of action. It is true that a party relying on the defense of the statute of limitations must plead it. (See *Union Sugar Co.* v. *Hollister Estate Co.*, 3 Cal.2d 740 [47 P.2d 273].) Plaintiff, however, pleaded that she owned the property, and a plea of ownership is sufficient to permit proof of a title acquired as a result of the running of the statute of limitations. (*Jordan* v. *Beale*, 172 Cal. 226 [155 P. 990]; *Carbarino* v. *Noce*, 181 Cal. 125 [183 P. 532, 6 A.L.R. 1433]; *Myers* v. *Berven*, 166 Cal. 484 [137 P. 260]; *Gray* v. *Walker*, 157 Cal. 381 [108 P. 278]; *Montecito Valley Co.* v. *Santa Barbara*, 144 Cal. 578 [77 P. 1113]; *Merrill* v. *Hooper*, 125 Cal.App. 80 [13 P.2d 786]; *Rowe* v. *Wurster*, 50 Cal.App. 196 [194 P. 725].)

Defendant contends that the judgment quieting title in her should be affirmed on the ground that she was induced by her husband's false representations to sign the deed. Defendant did not plead fraud, however, although the general

rule that fraud must be specifically pleaded (see cases cited in 12 Cal.Jur. 800, et seq.) applies particularly to quiet title actions. (*Thompson* v. *Moore,* 8 Cal.2d 367, 372 [65 P.2d 800, 109 A.L.R. 1027]; *Maison* v. *Puntenney,* 212 Cal. 134, 137-139 [298 P. 33]; *Carpenter* v. *Smallpage,* 220 Cal. 129, 133 [29 P.2d 841, 30 P.2d 995]; *Burris* v. *Adams,* 96 Cal. 664, 667-668 [31 P. 565]; *Davies* v. *Symmes,* 49 Cal.App.2d 433, 445-446 [122 P.2d 102].) ■ Defendant, moreover, is not the legal owner, for title passed on execution of the deed. (See cases cited in 12 Cal.Jur. 723.) Any rights that she might have to the cancellation of the deed or to the declaration of a constructive trust are entirely equitable (*Rocha* v. *Rocha,* 197 Cal. 396 [240 P. 1010]; *Farrar* v. *Steenbergh,* 173 Cal. 94 [159 P. 707]; *Freligh* v. *McGrew,* 95 Cal.App. 251 [272 P. 791]; Walsh, Equity, 492), and it is settled that such rights cannot be established in an action to quiet title when the pleadings contain merely general allegations asserting defendant's ownership and denying that of plaintiff. (*Aalwyn's Law Institute* v. *Martin,* 173 Cal. 21, 26 [159 P. 158]; *Robinson* v. *Muir,* 151 Cal. 118, 124 [90 P. 521]; *County of Los Angeles* v. *Hannon,* 159 Cal. 37, 48 [112 P. 878, Ann.Cas. 1912 B 1065]; *Reilly* v. *Wright,* 117 Cal. 77, 80 [48 P. 970].)

■ In the present case there was not only no pleading, but no finding of fraud, and a judgment is not supported by proof of fraud if there is no finding of fraud. (*Taylor* v. *Taylor,* 192 Cal. 71 [218 P. 756, 51 A.L.R. 1074]; *Floyd* v. *Tierra Grande Dev. Co.,* 51 Cal.App. 654 [197 P. 684]; Code Civ. Proc. § 632; see cases cited in 24 Cal.Jur. 935 et seq.) Any issue of fraud in this lawsuit entered through the evidence admitted, not through the pleadings. The findings are made substantially in the language of the pleadings and do not include issues not raised by them. (*Taylor* v. *Taylor,* 192 Cal. 71, 81 [218 P. 756, 51 A.L.R. 1074].)

■ The rules of pleading governing cases of conveyances in fraud of creditors have no bearing on the present case, which does not involve such a conveyance. (*Cf. Howe* v. *Johnson,* 107 Cal. 67 [40 P. 42]; *Banning* v. *Marleau,* 121 Cal. 240 [53 P. 692]; *Mason* v. *Vestal,* 88 Cal. 396 [26 P. 213, 22 Am.St.Rep. 310]; *Grum* v. *Barney,* 55 Cal. 254; *Bird* v. *Murphy,* 72 Cal.App. 39 [236 P. 154]; *Sellers* v. *Neil,* 47 Cal.App. 2d 128 [117 P.2d 390].) Such conveyances are void as against creditors, under the express terms of Civil Code section 3439, in effect when the Uniform Fraudulent Conveyance Act was

adopted in 1939, and of Civil Code section 3439.09, in effect thereafter. ▮▮▮ A creditor may levy execution on the property as if there had been no conveyance. (*Grum* v. *Barney, supra; Mason* v. *Vestal, supra;* see *Bird* v. *Murphy, supra*), and a sheriff who is sued for conversion by virtue of such an execution may prove, under a denial of the grantee's title, that the conveyance was fraudulent. (*Howe* v. *Johnson, supra; Banning* v. *Marleau, supra; Mason* v. *Vestal, supra; Grum* v. *Barney, supra.*) A conveyance may be in fraud of creditors because it was a gift by an insolvent donor (Civil Code § 3439.04), or was designed to put the property beyond the reach of creditors (Civil Code § 3439.04), or, in the case of personal property, because it was not followed by immediate delivery. (Civil Code § 3440.) The fraud that entitles a party to rescind a transfer, however, is altogether different, for it is based on false representations inducing reliance, and thus involves different considerations of policy and different legal consequences.

The judgment is reversed.

Gibson, C. J., Edmonds, J. and Schauer, J., concurred.

CURTIS, J.—I dissent. As a preliminary point of discussion it is necessary to advert briefly to the presentation and disposition of this litigation in the trial court. The pleadings are in the usual short form appropriate to quiet title actions. The complaint alleges the plaintiff's ownership of certain described real property and the defendant's assertion of an interest therein adverse to the plaintiff. The defendant in her answer denies all the averments of the complaint except as to her adverse claim, which she admits, but she denies that such claim is without right; in this connection defendant alleges that she is the owner and rightfully in possession of the property and prays that title be quieted in her. The case was tried by the court sitting without a jury. Following the general form of the allegations contained in the parties' respective pleadings, the trial court in its findings resolved the adverse claims of ownership in favor of the defendant and judgment was entered in accordance with that adjudication of the title to the property. Such determination rests upon the inefficacy of the deed of 1932 to sustain the plaintiff's cause of action.

The following review of the record will demonstrate the propriety of the trial court's decision: While the defendant

admitted signing the deed in question, she consistently maintained that she had no intention of "passing the title" or giving away [her] home" or "passing any interest" to the plaintiff. It appears that the defendant knew the instrument was drafted in favor of her mother-in-law, but that because of her ill health the defendant did not read the document and relied solely on her husband's statement that the transaction was "merely for convenience" and a reconveyance by his mother would immediately follow. Illustrative of the defendant's understanding of the matter are these excerpts from her testimony: In answer to the question "What did your husband tell you" when the deed was executed, the defendant upon direct examination testified: "That he wanted me to sign this deed to his mother merely for a convenience; that very shortly it would be put back in my name, and the other paper I signed [at the same time] he told me that was the deed giving it back to us. I did not read either document due to my condition." On cross-examination when queried as to the identity of the two documents she claimed to have signed contemporaneously the defendant stated: "One he told me was giving the house to his mother and the other was his mother giving it back to me." When asked as to what reason her husband gave her for negotiating the transfer, the defendant answered: "He said he was in some business difficulty and he didn't want the home taken from his two children and his wife—he wanted to safeguard us." Confirmatory of the defendant's understanding of the affair is the fact that her possession and enjoyment of the property was in nowise disturbed as the result of this deed. At the trial the defendant's husband, Lester H. Strong, admitted that he told the defendant when she signed the deed that such transfer was necessary because of financial difficulties.

Also of some pertinency in this connection is the evidence relating to the matter of consideration in support of the disputed conveyance. At the trial the plaintiff attempted to correlate the transaction here involved with her action some eight weeks later in deeding two pieces of real estate to her son, Lester H. Strong. Although the latter was called to testify on behalf of the plaintiff, he was not asked to corroborate his mother's claim as to the issue of consideration. It appears that the defendant did not know of these later conveyances to her husband, and she, therefore, was unable to testify as to their purpose. However, she did state that at the time in question the plaintiff was financially interested

in certain business ventures of Lester H. Strong and concerned with their successful outcome. On cross-examination the plaintiff admitted that she frequently gave her son money or property on which he might obtain loans to relieve pressing financial obligations. In view of the significant discrepancy between the respective dates of the mentioned deeds, the natural as well as business relationship between the plaintiff and Lester H. Strong, and the conflicting possibilities as to the object of the plaintiff's transfer of realty to her son, the trial court, having the advantage of observing the demeanor of the parties on the witness-stand, apparently elected to discredit the plaintiff's claim as to the existence of any connection between the successive conveyances and concluded that they were independent transactions, not intended as consideration one for the other. In accord with the settled rule that it is within the exclusive province of the trial court to pass upon the credibility of the witnesses and the weight of the evidence, the implied finding against the plaintiff on the issue of consideration would not be disturbed on appeal.

From this state of the record it can readily be inferred that the defendant was induced to sign the deed of 1932 solely by reason of the persuasion and misleading explanation of her husband as to the feigned nature of the transfer; that she never realized the full significance or import of the instrument, but that she had implicit trust in her husband's management of their business affairs and accepted what he said without question; and that the confidence she reposed in him was betrayed in an attempt to consummate a conveyance of their community real property to her detriment. Thus, there was an absence of *actual consent* to the transfer on the part of the defendant, and under the prevailing circumstances the plaintiff is not in a position to urge the binding force of the defendant's signature to the deed as an unchallengeable manifestation of assent to the conveyance. While it does not appear that the plaintiff took part in the procurement of the deed, the equities of the case support the defendant's claim to relief upon the basis of her husband's breach of his fiduciary duty to protect her interests and the want of consideration in support of the transfer. From this aspect the present situation is akin in principle to those cases wherein a gift, grant or bequest obtained by undue influence of a third person is vitiated thereby, and it is held immaterial that in the procurement

thereof the immediate beneficiary did not participate. (*Moore v. Moore,* 81 Cal. 195 [22 P. 589, 874] ; see cases collected in 96 A.L.R. 613-615.)

The majority opinion holds that these evidentiary matters would have no bearing upon the determination of this appeal because the defendant did not plead the fraudulent character of the deed nor did the trial court make a finding based thereon. However, such omissions in the record do not militate against the propriety of the judgment nullifying the operative effect of the conveyance to the plaintiff in 1932. In a quiet title suit, unlike other actions generally, a defendant under a general denial may raise the issue that the plaintiff acquired title in whole or in part through a fraudulent transfer affecting her claim of title thereto. (12 Cal.Jur. §95, p. 1056; *Howe* v. *Johnson,* 107 Cal. 67 [40 P. 42] ; *Banning* v. *Marleau,* 121 Cal. 240 [53 P. 692] ; *Bird* v. *Murphy,* 72 Cal.App. 39 [236 P. 154] ; *Sellers* v. *Neil,* 47 Cal.App.2d 128 [117 P.2d 390].) Nor after consideration of this point was the trial court required to make a special finding thereon. As previously stated, the complaint and answer are in the conventional style suitable to this type of litigation, and the findings are responsive to the general form of the pleadings. The issue as to the fraudulent nature of the conveyance arose merely in the evidence at the trial. Findings of fact are sufficient if they follow the language of the pleadings. (*Dam* v. *Zink,* 112 Cal. 91 [44 P. 331] ; *Vasey* v. *Campbell,* 4 Cal.App. 451 [88 P. 509] ; *Biurrun* v. *Elizalde,* 75 Cal.App. 44 [242 P. 109] ; also, see cases collected in 24 Cal.Jur. §213, p. 984.) Ownership of the property by the defendant was the ultimate fact which was alleged in the answer and which was set forth in the findings. (*Hitchcock* v. *Rooney,* 171 Cal. 285 [152 P. 913] ; *Hannah* v. *Canty,* 175 Cal. 763 [167 P. 373].) In reviewing the sufficiency of the findings to support a judgment, regard will be had to the ultimate facts and not to mere probative facts. (2 Cal.Jur. 872, and cases cited in Ten Year Supp.)

The majority opinion further holds that the defendant is not now in a position to question the validity of the deed to the plaintiff because the time limit of one year from the date of recordation of the instrument, the period specified in section 172a as available for the wife's exercise of her right to avoid an unauthorized conveyance, had expired several years before the commencement of this quiet title action. However,

this statement of the law has no application when the validity of the deed is questioned on the ground of *fraud* rather than non-compliance with the terms of section 172a. A statute of limitations is a special defense which may be either relied on or waived at the election of a party entitled to avail herself of it, and, if not specially made, it will be deemed to have been waived. (16 Cal.Jur. §232, p. 640; *Estate of Garcelon,* 104 Cal. 570 [38 P. 414, 43 Am.St.Rep. 134, 32 L.R.A. 595]; *Bliss* v. *Sneath,* 119 Cal. 526 [51 P. 848].) Conceding that the general form of the pleadings in this action did not permit the plaintiff's assertion of a time limitation by formal plea and that without such preliminary foundation she could have urged such bar in the trial court in avoidance of the defendant's claim to relief, it does not appear from the record that the plaintiff did in fact present the point there. Consequently such matter should not be considered for the first time on appeal. (*Estate of Garcelon, supra; Moore* v. *Copp,* 119 Cal. 429 [51 P. 630]; *Bliss* v. *Sneath, supra.*) The rule governing such situation, where the formal plea of the statute of limitations is unnecessary in order to introduce evidence thereon at the trial, is stated in the case of *Union Sugar Co.* v. *Hollister Estate Co.,* 3 Cal.2d 740, 745 [47 P.2d 273]: "However, it has been held that unless the adverse party invokes the plea of the statute at the trial, and brings to the attention of the trial court his purpose to offer evidence in support of such plea, the court cannot assume that he desires to make any such defense, and he cannot invoke the plea for the first time on appeal. [Citing authorities.]"

Consistent with this review of the record herein, the defendant is entitled to relief from the operative effect of the disputed conveyance. In my opinion the judgment should be affirmed.

Shenk, J., and Carter, J., concurred.

Respondent's petition for a rehearing was denied August 19, 1943. Shenk, J., Curtis, J., and Carter, J., voted for a rehearing.