[Civ. No. 27443. Second Dist., Div. Four. Feb. 17, 1964.]

ERIC MORGHEE, Individually and as Administrator With the Will Annexed, etc., Plaintiff and Appellant, v. ELE-NORA ROUSE, Individually and as Administratrix, etc. Defendant and Respondent.

Hastings, Blanchard & Hastings and James H. Hastings for Plaintiff and Appellant.

Donald H. Keltner for Defendant and Respondent.

KINGSLEY, J.—This is a dispute between a brother and sister over real and personal property of their now deceased parents. Plaintiff, suing as administrator-with-will-annexed of his mother's estate, and as sole devisee thereof, seeks to quiet title to certain real and personal property. Judgment was for defendant. Plaintiff is appealing only from that por-

tion of the judgment which quiets title to all of the real property in defendant as her separate property. In light of this factor, only the facts pertaining to the real property are set forth.

The litigants' parents were married in 1911 and lived together until 1929. Thereafter, they chose to live separate and apart from each other. Despite a separation of some 30 years there had never been a divorce or written property settlement agreement between them.

The real property will be designated as the "Idaho" and "Spaulding" property. Although the record indicates that the "Spaulding" property was acquired during marriage, there is no indication in what year the property was acquired. The Idaho property was acquired in 1926, with record title in the father's name.[1] The trial court found these properties to be community property. This finding, like any other finding founded upon substantial evidence, is binding and conclusive upon the appellate courts.

 The mother died on February 5, 1959, leaving a will bequeathing and devising all of her property to plaintiff, her son. When the father learned of his wife's gift of all of her property to the son, he apparently determined to give the daughter, *inter vivos*, all of his property. In accord with this intention, the father, in April of 1959, executed and delivered to his daughter a handwritten instrument called a "Bill of Sell [*sic*]" which stated: "Sold to Nora Rouse, nee Morghee, my daughter, all my possession everything I possess [*sic*]. The selling price is 10 - ten dollars which I have received in full."

In the same month, the father executed and gave to the daughter two grant deeds, each having all of the necessary formal requisites, to the real property here in question. The deeds were without consideration and were recorded on May 1, 1959. Thereafter, on May 20, 1959, the father died intestate.

On January 12, 1961, plaintiff filed the present action to

---

[1]Respondent contends that, since title was acquired prior to the effective date of section 161a of the Civil Code, the wife had no power of testamentary disposition nor power to restrain a gift by the husband. In this she is clearly in error. The right of the wife to devise one-half of the community property arose in 1923 by the amendment of former section 1401 of the Civil Code, the forerunner of the present Probate Code, section 201. The limitation of the husband's right to make gifts of community property has existed since the 1891 amendment of Civil Code, section 172.

quiet title. One of the theories of plaintiff's cause of action was that the property was community property, the conveyance by the father was a gift not consented to by the mother, who was deceased, and, therefore, was invalid as to one-half of the real property which was community property. (Civ. Code, § 172a.)

The trial court ruled that plaintiff's cause of action, if any, was barred by the statute of limitations contained in section 172a of the Civil Code, which provides: "... No action to avoid any instrument mentioned in this section, affecting any property standing of record in the name of the husband alone, executed by the husband alone, shall be commenced after the expiration of one year from the filing for record of such instrument in the recorder's office in the county in which the land is situate, ... "

Counsel on appeal have briefed the cause as if 172a is the sole determinative factor for resolving the issues here presented. However, we have concluded that 172a in inapplicable to the facts as here presented.

It is to be noted that the father conveyed the property here in question some two months after the death of his wife. The marriage relation had terminated and thus the wife would have been unable to join or assent to any conveyance or transfer of property by the husband. It has been stated that the purpose of 172a was to create around the interest of the wife in community property, during the continued existence of the marriage relation, added safeguards and protection against the fraudulent and inconsiderate acts of the husband in his exercise of dominion and control over the community property. (*Strong* v. *Strong* (1943) 22 Cal.2d 540 [140 P.2d 386]; *Stewart* v. *Stewart* (1926) 199 Cal. 318, 340 [249 P. 197]; *Estate of Risse* (1957) 156 Cal.App.2d 412 [319 P.2d 789].)

The interest of the wife in community real property, while she is alive and the marriage continues, is quite different from that of her devisee after her death. On death, title vests in the devisee, subject to administration and to the temporary powers of management vested in the husband by sections 202 and 203 of the Probate Code. The situation envisaged by section 172a of the Civil Code no longer exists and that section is no longer applicable.

Respondent relies, also, on section 203 of the Probate Code. That section provides: "After 40 days from the death of the wife, the surviving husband shall have full power to sell, lease, mortgage or otherwise deal with and dispose of the

community real property, unless a notice is recorded in the county in which the property is situated to the effect that an interest in the property is claimed by another under the wife's will . . . ." Respondent's reliance on this section is also misplaced. We regard the section as applying only to transactions involving a transfer to a bona fide transferee for value. ▮ It is a general rule of construction that where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature as those enumerated. ▮ Here, the specific transactions listed in the statute ("sell, lease, mortgage") are all transactions in which some consideration would flow to the community and be available for distribution to the wife's devisee. The provision for recordation of the notice of claim (and the further provisions on that subject in section 203 not quoted above) are, again, consistent with a transaction in which a bona fide transferee for value is involved; they serve no function in case of a donee from the husband who, not ordinarily looking a gift horse in the mouth, would scarcely search the public records to determine the validity of the benefice.

The statutes, and especially chapter I of division 2 of the Probate Code (within which chapter section 203 falls), set out a well organized scheme for dealing with the rights in community property after the death of one spouse. (*Knego* v. *Grover* (1962) 208 Cal.App.2d 134 [25 Cal.Rptr. 158].) ▮ The wife has a clear right to devise one-half of that property (Prob. Code, § 201) ; as to personal property, the husband's predeath powers of management continue except insofar as the exercise thereof interferes with the administration of the wife's estate (Prob. Code, § 202) ; but "[T]he subject section [§ 202] does not purport to give the husband the right to consume his wife's share of the community property, which was subject to her testamentary disposition, by giving it away or by using it in the payment of debts incurred by him after her death which have no relationship to the maintenance or preservation of that property. ▮ The obvious purpose of the statute is to permit the husband to retain possession of the community property except insofar as it is necessary to carry his wife's will into effect. Consistent with this purpose he may be required to account to her personal representative for her share." (*Knego* v. *Grover, supra* (1962) 208 Cal.App.2d 134, 146.)

If section 203, dealing with community real property, is construed as we have above determined, it is consistent with that scheme. On the one hand, the husband can carry out any legitimate function of management, since the bona fide transferee is protected in dealing with the widower if he determines that title stands in the widower's name, that the 40 days have passed, and that no notice of claim has been filed. On the other hand, the proceeds of the transfer for value will become part of the community property which the husband manages and for which he must then account to the wife's devisee or to her administrator. (*Knego* v. *Grover, supra* (1962) 208 Cal.App.2d 134.)

Since neither section 172a of the Civil Code nor section 203 of the Probate Code is here applicable, the present action is governed by sections 318 et seq. of the Code of Civil Procedure and was timely brought.

The judgment is reversed.

Burke, P. J., and Jefferson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 15, 1964.